Campbell, Chief Justice,
delivered the opinion- of the court:
The question for decision is whether subscriptions made by a Maryland corporation to war funds of the Red Cross, the Y. M. C. A., and similar agencies, and paid during the year 1917, after the beginning of the war, and also paid in 1918, constitute “ ordinary and necessary expenses paid within the year in the maintenance and operation of its business” (act of 1916), or “ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business ” (act of 1918), within the intent and meaning of the quoted words in the revenue act of 1916 (39 Stat. 759, 767), and the revenue act of 1918 (40 Stat. 330). In other words, are payments so made proper deductions from the corporation’s gross income in ascertaining its taxable net income ? The claim. asserted is that the corporation having been a large contributor to the Red Cross and other such organizations should have been allowed to deduct the amounts of these contributions from its gross income. The Commissioner of Internal Revenue having refused to allow the deduction, the plaintiff paid its taxes and sues to recover the amounts alleged to have been overpaid.
*258 Finding the words we are called upon to construe in a taxing act, we must recognize that the “ literal meaning ” of the words employed is most important because such statutes are not to be extended by implication beyond the clear import of the language used. Doubts are to be resolved in favor of the taxpayer. See Gould v. Gould, 245 U. S. 151, 153; United States v. Merriam, 263 U. S. 179, 188. In the latter case is cited with approval the rule stated by Lord Cairns in Partington v. Attorney General, L. R. 4 H. L. 100, 122, in the course of which it is said:
“In other words, if there be admissible in any statute what is called an equitable construction, certainly such a construction is not admissible in a taxing statute, where you can simply adhere to the words of the statute.”
It is quite clear that the words of the act of 1916, “ ordinary and necessary expenses,” could not have been intended when the act was first enacted to be given the wide meaning-now urged. As then used, they related to expenses paid in the maintenance and operation of the business, and were in the main the ordinary expenses incident to the particular trade or business. The extraordinary situation that developed later was not in mind when this taxing act was passed. When the act of 1916 was amended, 40 Stat. 330, a deduction was allowed in favor of individual taxpayers to the extent of 15 per cent of the taxpayer’s taxable net income for contributions actually made to corporations or associations organized exclusively for religious and other designated purposes. But these deductions, in case of individuals, were allowable only if verified under rules and regulations to be prescribed by the commissioner with the approval of the Secretary of the Treasury. The act is silent as to such deductions by corporations. This provision for individuals on account of contributions is carried forward into the revenue act of 1918, but no such provision is made for corporations, though the allowable deductions in case of corporations are stated at length. (40 Stat. 1077.) But the deductions of “ ordinary and necessary expenses ” are applicable to both individuals and corporations, and if the deduction now urged is allowable it is singular that a deduction of charitable gifts *259 is allowable to individuals and is not even mentioned in case of corporations. In an opinion of the Attorney General given to the Secretary of the Treasury upon the question before us, that official held the deduction here sought was not to be allowed, giving, among others, the reason that an amendment, offered when the bill was under consideration, which would have made applicable to corporations the deduction for contributions to religious and other purposes, was defeated. While the act mentions ordinary and necessary expenses, it may perhaps be said that the expenses contemplated need not be both ordinary and necessary, but the expense must be an ordinary or a necessary one, and in any event the words should be given their usual meaning. It is argued for plaintiff that payments to the Red Gross or other war agencies are deductible “ not as charitable contributions but as business expenses for the protection of its property.” But it was not an ordinary expense, nor was it a necessary one. The amount was what the corporation thought proper to subscribe, and ivhether to be subscribed at all was a voluntary act.
The argument based upon the idea that the corporation was expected to help in the emergency gives no new meaning to the words of the statute. What should be deductible expenses, in arriving at the net income, is primarily a legislative question. Whether Congress would feel free to sanction contributions by officers of a corporation or whether in any case action by the governing board or the stockholders would be necessary are not questions for our determination. It is sufficient for this case to say that Congress has authorized certain deductions, and the court can not extend the terms they have employed. In our opinion, the items claimed were not deductible. The petition should be dismissed. And it is so ordered.
Moss, Judge; Graham, Judge; and Booth, Judge, concur.