ATLANTIC CITY ELECTRIC CO. *v.*
COMMISSIONER OF INTERNAL REVENUE.

No. 163. Argued December 13, 1932.—Decided February 6, 1933.

*Mr. Graham Sumner* for petitioner.

*Assistant Attorney General Youngquist,* with whom *Solicitor General Thacher, Assistant Attorney General Rugg,* and *Messrs. Sewall Key, J. P. Jackson,* and *Erwin N. Griswold* were on the brief, for respondent.

MR. CHIEF JUSTICE HUGHES delivered the opinion of the Court.

The question presented is whether the petitioner, Atlantic City Electric Company, was affiliated with the American Gas and Electric Company so that the federal taxes for 1917, 1918, and 1919 should be determined upon the basis of consolidated returns under § 1331 of the Reve-

nue Act of 1921 (42 Stat. 319), as applicable to the year 1917, and § 240 of the Revenue Act of 1918 (40 Stat. 1081, 1082). The Circuit Court of Appeals, reversing the order of the Board of Tax Appeals (15 B. T. A. 1084), upheld the ruling of the Commissioner that the corporations were not affiliated and must make separate returns. 57 F. (2d) 186. The case comes here on certiorari.

The following facts were found by the Board of Tax Appeals: The petitioner, Atlantic City Electric Company, is a public service corporation. During the years in question, it had outstanding 12,500 shares of common stock, of the par value of $100 per share, and 3702 shares of preferred stock. Holders of preferred stock were entitled to vote and that stock was preferred to the extent of an annual cumulative dividend of six per cent. and on final liquidation. The preferred stock was redeemable at any time and had no interest in dividends except as above· stated. The American Gas and Electric Company was a holding company. It owned all the common stock of the Atlantic City Electric Company and none of its preferred stock. 655 to 761 shares of that preferred stock were owned by stockholders of the American Gas and Electric Company, but the finding is that the control exercised by that Company resulted " from its absolute ownership of the entire common stock of its subsidiaries and not from control or ownership of preferred stock by its stockholders." Of the total outstanding stock of the Atlantic City Electric Company, preferred and common, the American Gas and Electric Company owned approximately 77 per cent.

With respect to control of stock, as creating the affiliation which affords a basis for a consolidated return, § 1331 of the Revenue Act of 1921 is to the same effect as § 240 of the Revenue Act of 1918. The requirement of control, in the absence of legal title or beneficial ownership, is not satisfied by acquiescence or by business considera-

tions without binding force. There 'must be a control that is legally enforceable. *Handy & Harman* v. *Burnet*, 284 U. S. 136, 140, 141. And it must be control of "substantially all the stock." In *Handy & Harman* v. *Burnet*, *supra*, legally enforceable control of somewhat more than 75 per cent. of the stock was held to be insufficient. The question, then, is whether in the instant case the entire voting stock, preferred and common, should be considered in determining whether there was affiliation, or the common stock alone.

The purpose of the Congress was to secure substantial equality among stockholders who ultimately bear the burden of taxation and to prevent evasion through the manipulation of intercompany transactions. *Handy & Harman* v. *Burnet, supra.* See, also, *Burnet* v. *Aluminum Goods Mfg. Co.*, 287 U. S. 544. The requirement of consolidated returns was "based upon the principle of levying the tax according to the true net income and invested capital of a single business enterprise, even though the business is operated through more than one corporation." Treasury Regulations No. 45, Art. 631.[1]

---

[1] Article 631 of Regulations No. 45 is as follows:

"*Affiliated corporations.*—The provision of the statute requiring affiliated corporations to file consolidated returns is based upon the principle of levying the tax according to the true net income and invested capital of a single business enterprise, even though the business is operated through more than one corporation. Where one corporation owns the capital stock of another corporation or other corporations, or where the stock of two or more corporations is owned by the same interests, a situation results which is closely analogous to that of a business maintaining one or more branch establishments. In the latter case, because of the direct ownership of the property, the invested capital and net income of the branch form a part of the invested capital and net income of the entire organization. Where such branches or units of a business are owned and controlled through the medium of separate corporations, it is necessary to require a consolidated return in order that the invested capital and net income of the entire group may be accurately determined. Otherwise opportunity

In establishing ownership or control of substantially all the stock as the criterion of a business unit, the statute made no distinction between preferred and common stock. It referred simply to "stock" and we perceive no ground upon which stock with voting right can be treated as excepted. The Treasury Regulations under the Revenue Act of 1918 regarded the statutory requirement as relating to the "outstanding voting capital stock (not including stock in the treasury) at the beginning of and during the taxable year." Regulations No. 45, Art. 633. The same construction was given by the Department to the corresponding provision of the Revenue Act of 1921. Regulations No. 62, Art. 633. The Congress, in the Revenue Act of 1924, embodied this construction in the statute itself.[2] § 240 (c) (1), 43 Stat. 288. See, also, Revenue Act of 1926, § 240 (c) (d), 44 Stat. 46; Revenue Act of 1928, § 141 (d), 45 Stat. 831; Revenue Act of 1932, § 141 (d), 47 Stat. 213. Compare *Schlafly* v. *United States,* 4 F. (2d) 195, 200; *Ice Service Co.* v. *Commissioner,* 30 F. (2d) 230, 231; *United States* v. *Cleveland, P. & E. R. Co.,* 42 F. (2d) 413; *Commissioner* v. *City Button Works,* 49 F. (2d) 705.

Nor are we able to conclude that in the instant case the preferred stock with voting right should be excluded because it was redeemable at any time and had a limited interest in dividends. Compare *Commissioner* v. *Shillito*

would be afforded for the evasion of taxation by the shifting of income through price fixing, charges for services and other means by which income could be arbitrarily assigned to one or another unit of the group. In other cases without a consolidated return excessive taxation might be imposed as a result of purely artificial conditions existing between corporations within a controlled group."

[2] With respect to this provision, the report of the Committee on Ways and Means of the House of Representatives said: "The requirement that the stock held must be 'voting' stock merely embodies in the law the present rule of the Treasury Department." House Rep. No. 179, 68th Cong., 1st sess., p. 24.

*Realty Co.*, 39 F. (2d) 830; *United States* v. *Cleveland, P. & E. R. Co.*, 42 F. (2d) 413. Despite redeemability and the limitation of dividends, the owners of the preferred stock were not in the position of creditors, but were stockholders with a proprietary interest in the corporate undertaking and with a corresponding relation, through the voting right, to the direction of that undertaking. The voting right remained unimpaired until actual redemption. The statute is not concerned with a failure to exercise existing rights, but with what is deemed to be a more certain and adequate test of a unitary enterprise. According to this test, petitioner failed to show affiliation. *Burnet* v. *Howes Brothers Hide Co.*, 284 U. S. 583, 584.

*Judgment affirmed.*