OLD MISSION PORTLAND CEMENT CO. *v.* HELVERING, COMMISSIONER OF INTERNAL REVENUE.

No. 107. Argued November 13, 1934.—Decided December 3, 1934.

*Mr. George E. H. Goodner* for petitioner.

*Mr. Robert N. Anderson,* with whom *Solicitor General Biggs, Assistant Attorney General Wideman,* and *Messrs. James W. Morris, Sewall Key,* and *A. F. Prescott* were on the brief, for respondent.

MR. JUSTICE STONE delivered the opinion of the Court.

. In this case certiorari was granted, "limited to the question of the right of the taxpayer to deductions (a) on account of amortization of bond discount, and (b) on account of contributions to the San Francisco Community Chest."

During each of the years 1923 to 1926, inclusive, petitioner and two corporations affiliated with it filed consolidated income tax returns on the accrual basis. In each year one of the affiliated corporations deducted, from gross income, amortized discount allowed upon an issue of its bonds in 1912. In computing the taxable income to be assessed to petitioner, the parent corporation, under the applicable Revenue Acts of 1921 (c. 136, 42 Stat. 227), 1924 (c. 234, 43 Stat. 253) and 1926 (c. 27, 44 Stat. 9), the Commissioner refused to allow the deduction of so much of the amortized discount as was applicable to bonds, issued by its affiliate, which petitioner had acquired by purchase. He also refused to allow credit for the contributions to the Community Chest as not an ordinary and necessary expense, deduction of which the statute permits. His action was sustained both by the Board of Tax Appeals, 25 B. T. A. 305, and the Court of Appeals for the Ninth Circuit, 69 F. (2d) 676.

█ It is no longer open to question that amortized bond discount may be deducted in the separate return of a single taxpayer. See No. 51, *Helvering* v. *Union Pacific R. Co.,* decided this day, *ante,* p. 282. But the Government insists that the deduction by one affiliate, in a consolidated return, of amortized discount upon its bonds,

which are owned by another affiliate, involves an " intercompany transaction " which, under the applicable statutes and regulations, must be eliminated from the computation of the tax in order to arrive at the true taxable income.

Section 240 of the Revenue Acts of 1921, 1924 and 1926 extends to affiliated corporate taxpayers the privilege of making a consolidated tax return, subject to such restrictions as may be imposed by treasury regulations. The purpose of the section was to provide a method of computing the tax upon the true net income of what is in practical effect a single business enterprise, with substantially common ownership, as though it were that of a single taxpayer, despite the fact that it is carried on by separate corporations whose tax would otherwise be independently computed. See *Burnet* v. *Aluminum Goods Mfg. Co.,* 287 U. S. 544, 547; *Handy & Harman* v. *Burnet,* 284 U. S. 136, 140; *Atlantic City Electric Co.* v. *Commissioner,* 288 U. S. 152, 154; *Woolford Realty Co.* v. *Rose,* 286 U. S. 319; Appeal of Gould Coupler Co., 5 B. T. A. 499, 514–516; cf. Treasury Regulations 62, Art. 636, under the 1921 Act; T. R. 65, Art. 636, under the 1924 Act; T. R. 69, Art. 635, under the 1926 Act.

Each of the regulations controlling consolidated returns, under the applicable Revenue Acts, directs that only one specific credit of $2,000, which § 236 (b) allows to each individual taxpayer, shall be allowed to the consolidated group, and provides that " subject to the provisions covering the determination of taxable net income of separate corporations, and subject further to the elimination of intercompany transactions (whether or not resulting in any profit or loss to the separate corporations), the consolidated taxable net income shall be the combined net income of the several corporations consolidated." It is by the elimination of intercompany trans-

actions from the computation, in order to ascertain " the combined net income of the several corporations consolidated," that the purpose of the statute is effected. See *Burnet* v. *Aluminum Goods Mfg. Co., supra,* 549, 550. The Government, having thus conferred upon groups of affiliated taxpayers the privilege of computing their tax as though they were a single taxpaying entity, it would require plain language in statute and regulations to support the conclusion that it was also intended that they should retain the advantages which, before affiliation, attached peculiarly to their status as independent tax computing entities. The regulations are aimed at the prevention of a double advantage, to be secured only if affiliated taxpayers are allowed to treat themselves, at the same moment, as one or many, according to their convenience for purposes of tax computation.

Amortized bond discount is deductible from the taxpayer's gross income only by way of anticipation of payment of the bonds at maturity. It is then that the taxpayer pays the difference, between the amount realized upon the sale of the bonds and their par value, which is the subject of the amortization. *Helvering* v. *Union Pacific R. Co., supra.* Here the payment anticipated is from one affiliate to another, an intercompany transaction. If we eliminate it from the computation of income upon the consolidated return, as the regulation directs, there is no anticipated payment of the discount to be amortized and no basis for the deduction.

A single taxpayer who had purchased his own bonds before maturity could not afterwards deduct, from gross income, the amortized discount on the bonds, in anticipation of their payment at maturity. This is equally the case where the obligor and obligee are affiliated corporations claiming the benefit of a statute which permits them to compute their tax as though they were one. It is true

that in either case the bondholder may sell his bonds before maturity, and thus renew his obligation to pay them. But in neither is the taxpayer in a position to require the Government to anticipate an event which may never occur, by conferring upon him the benefit of a deduction to which, without its occurrence, he would not be entitled. Having elected to take the benefit of affiliation, the taxpayer cannot complain of a burden which is inseparable from the benefit and which finds its source in the very method of computing the tax from which the benefit is derived.

■ The privilege of deducting charitable donations from gross income, conferred on individual taxpayers by § 214 (a) of the Revenue Acts of 1921, 1924 and 1926, has not been extended to corporations. A proposal to extend it to them was rejected by Congress pending the passage of the Revenue Act of 1918. Cong. Rec., House, Vol. 56, Part 10, 10426–10428. Section 234 (a) (1) of the Revenue Acts of 1921, 1924 and 1926 authorizes corporations to deduct from gross income " all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." Article 562 of Treasury Regulations 62, interpretative of the 1921 Act, declared that corporations were not entitled to deduct charitable donations. But it recognized the right to deduct donations " made by a corporation for purposes connected with the operation of its business . . . when limited to charitable institutions, hospitals or educational institutions conducted for the benefit of its employees," and also donations " which legitimately represent a consideration for a benefit flowing directly to the corporation as an incident of its business." These provisions were retained, without substantial change, in the regulations promulgated under the 1924, 1926 and 1928 Acts. Art. 562 of T. R. 65, 69; Art. 262 of T. R. 74. As § 234 (a)

(1) to which they pertain has been reënacted in several revenue acts, the regulation now has the force of law. *McCaughn* v. *Hershey Chocolate Co.,* 283 U. S. 488, 492; *Massachusetts Mutual Life Ins. Co.* v. *United States,* 288 U. S. 269, 273.

It is a question of fact in each case whether a donation is made to an institution conducted for the benefit of the donor's employees or is consideration for a benefit flowing directly to the donor as an incident of its business. Here the ruling of the Commissioner, that the deduction was not permissible under the statute and regulations, presumably rests upon a correct determination of the facts. *Welch* v. *Helvering,* 290 U. S. 111, 115. The Board of Tax Appeals found that the gifts to the San Francisco Community Chest were apportioned among the charitable organizations of the City and that the gifts of petitioner were made in the belief that " they resulted in good will toward the petitioner and increased its business." But the Board made no finding of any direct benefit to petitioner's employees or business which the regulations contemplate. Nor was there evidence before it to support such a finding. Our review of determinations by the Board is limited to questions of law raised by its findings or its failure to make findings required by the statute. See *Old Colony Trust Co.* v. *Commissioner,* 279 U. S. 716, 728; *Phillips* v. *Commissioner,* 283 U. S. 589, 599, 600. Compare *Kendrick Coal & Dock Co.* v. *Commissioner,* 29 F. (2d) 559, 564 (C. C. A. 8th); *Commissioner* v. *Langwell Real Estate Corp.,* 47 F. (2d) 841, 842 (C. C. A. 7th).

*Affirmed.*

MR. JUSTICE BUTLER and MR. JUSTICE ROBERTS think that so much of the judgment as sanctions the Commissioner's refusal to deduct the bond discount should be reversed.