R. M. WEYERHAEUSER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 54667. Promulgated November 29, 1935.

*Wayne C. Gilbert, Esq.*, for the petitioner.
*T. M. Mather, Esq.*, for the respondent.

OPINION.

MELLOTT: A memorandum opinion was entered in this proceeding under date of November 28, 1933, in which we decided, following *Canfield* v. *Commissioner*, 62 Fed. (2d) 751, that certain distributions received by the petitioner from a corporation did not constitute taxable income. The Supreme Court having reversed the decision relied upon, a motion for reconsideration and revision, timely filed by the respondent, was granted.

The respondent determined a deficiency in income tax against the petitioner for the year 1928 in the amount of $1,227.87. Petitioner, a resident of Cloquet, Minnesota, contests such determination and claims he has already overpaid his tax liability for that year and is entitled to a refund. The deficiency arises by reason of the failure of the petitioner to report as taxable income, distributions received by him in 1928 (1) from the Cloquet Lumber Co. in the amount of $8,073.44, and (2) from the Edward Hines Lumber Co.

in the amount of $1,527.75. At the hearing, the parties agreed that the tax liability by reason of the distribution made by the latter company, would be settled under Rule 50 in accordance with an agreement to be entered into between such company and the respondent.

The facts concerning the distributions received by petitioner from the Cloquet Lumber Co. were stipulated. Petitioner, in 1928, owned 248.4 shares of the capital stock of this corporation, and, during the year 1928, received as a stockholder, distributions which totaled $8,073.44. The surplus of the company as of March 1, 1913, was $11,283,450.08. Between that date and December 31, 1926, it made a number of nontaxable dividend distributions, which reduced the March 1, 1913, surplus to $9,036,218.67 on December 31, 1926.

During the year 1927 additional nontaxable dividend distributions, together with a net loss amounting to $794,678.10, further reduced its March 1, 1913, surplus so that on December 31, 1927, it amounted to $7,614,621.24, Its earnings available for distribution, realized during the year 1928, amounted to $416,463.62. At various times during the year 1928 it paid dividends in the total amount of $325,000. At the time these dividends were distributed it had on hand earnings realized during the year 1928 in excess of the amounts distributed.

The income tax return of the company for the year 1928, disclosed a net loss of $752,651.38, which resulted principally from carrying forward and deducting in computing its net income, the statutory net loss of $794,678.10 which it sustained in 1927.

The major contention of the petitioner is, that before any 1928 corporate distributions can be said to have been made from earnings or profits accumulated since March 1, 1913, all losses since March 1, 1913, must first be made good, and, inasmuch as the net operating loss of $794,678.10 for the year 1927 exceeds the earnings for the year 1928, the distribution of $325,000 made during the year 1928 simply reduced the existing March 1, 1913, surplus, and his share of such distribution, amounting to $8,073.44, is nontaxable. The respondent contends that the distributions were taxable to the recipients in their entirety, alleging, in this connection, that at the time they were made there were available for distribution, and actually distributed to the stockholders, earnings of the corporation accumulated during the year 1928.

The parties agree that subsections (a) and (b) of section 115 of the Revenue Act of 1928 are applicable. These subsections, which are substantially the same as subsections (a) and (b) of section 201 of the Revenue Acts of 1921, 1924 and 1926, define a dividend as " any distribution made by a corporation to its shareholders, * * * out of its earnings or profits accumulated after February

28, 1913 " and provide that " every distribution is made out of earnings or profits to the extent thereof, and from the most recently accumulated earnings and profits "; that " any earnings or profits accumulated, or increase in value of property accrued, before March 1, 1913, may be distributed exempt from tax, after the earnings and profits accumulated after February 28, 1913, have been distributed * * *."

Our decision must be in accordance with the following rule enunciated by the Supreme Court in *Helvering* v. *Canfield*, 291 U. S. 163:

Paragraphs (a) and (b) of section 201 [Revenue Act of 1921] disclose a single purpose, and are to be construed in harmony with each other. They show that the Congress was careful to arrange its plan so that the right to receive, free of tax, a distribution of surplus accumulated prior to March 1, 1913, should not be exercised in such a fashion as to permit profits accumulated after that date to escape taxation. To that end the Congress provided that " every distribution is made out of earnings or profits, and from the most recently accumulated earnings or profits, to the extent of such earnings or profits accumulated since February 28, 1913." Then follows the exemption which is strictly limited to a distribution of profits accumulated prior to March 1, 1913. Nothing is said as to a restoration of those profits out of subsequent earnings if the former have been lost.

The loss sustained by the Cloquet Lumber Co. in 1927 was necessarily chargeable against, and hence reduced, its " earnings or profits accumulated, or increase in value of property accrued before March 1, 1913." In other words, its surplus. The earnings for the year 1928 can not be applied to restore any part of such surplus. We are therefore of the opinion, and must necessarily hold, that the earnings for the year 1928 were available for distribution to the stockholders, and taxable to them as dividends at surtax rates, unless the alternative contention made by petitioner should be sustained.

The alternative contention of the petitioner is that the statutory net loss of the Cloquet Lumber Co. for 1927, should be carried forward in computing its " earnings or profits " for 1928. Inferentially he argues that the phrase " earnings or profits " should be construed to be synonymous with " taxable net income "; that since the company had no taxable net income, the distributions to its stockholders were not distributions of earnings and profits and hence were not taxable.

Manifestly, this contention can not be sustained. We are here concerned with the sole question, Did petitioner receive a dividend out of earnings or profits made during the year 1928—which were the most recently accumulated earnings or profits—or, did he receive a tax-free distribution of earnings or profits accumulated, or increase in value of property accrued, before March 1, 1913?

"Net income", in the language of the statute (sec. 21, Revenue Act of 1928), "means the gross income computed under section 22 less the deductions allowed by section 23." Gross income, as defined by section 22, includes gains, profits and income derived from salaries, wages or compensation for personal services, from professions, vocations, trades and businesses, as well as from interest, rent, dividends, securities and "income derived from any source whatever." The section, however, specifically provides for the exclusion of life insurance, annuities, gifts, bequests, devises and interest upon the obligations of a state, territory or any political subdivision thereof.

The deductions allowed include all ordinary and necessary expenses, interest, losses, bad debts, depreciation, depletion, net losses of prior years to the extent provided in section 117, dividends received from domestic corporations, and dividends from a foreign corporation deriving more than 50 percent of its gross income from sources within the United States.

In determining the "taxable net income" of a corporation, in addition to the deductions set forth above, certain credits are allowed by section 26. It is apparent, therefore, that "taxable net income" is purely a statutory concept.

Earnings and profits, on the other hand, are not defined by the act; but they have a settled and well defined meaning in accounting. Generally speaking, they are computed by deducting from gross receipts the expense of producing them. *Mobile & Ohio Railroad* v. *Tennessee*, 153 U. S. 486, 497; Fletcher Cyclopedia Corporations, vol. 6, p. 6092. Thus, under the ordinary method of accounting, in computing earnings and profits there will be deducted, not only the items shown above, but others which are not, under the statute, deductible in computing taxable net income. In this classification may be listed such items as extraordinary expenses, charitable contributions, taxes paid the Federal Government, and taxes assessed against local benefits tending to increase the value of the property. *Welch* v. *Helvering*, 290 U. S. 111; *Old Mission Portland Cement Co.* v. *Helvering*, 293 U. S. 289; *W. M. Ritter Lumber Co.*, 30 B. T. A. 231; *F. & R. Lazarus & Co.*, 32 B. T. A. 633. Again, many items, such as interest upon the obligations of a state or political subdivision, tax-free Federal securities, and dividends from other corporations, must necessarily be considered in computing earnings and profits, though forming no part of taxable net income.

In the case of *Charles F. Ayer*, 12 B. T. A. 284, 287, we said:

This is not the only case where some income or profit free from tax in the hands of a corporation is, nevertheless, taxable to a stockholder upon distribution. Dividends and stock of domestic corporations, interest on bonds

and obligations of States and municipalities, and statutory exemptions are not a part of the statutory net income of a corporation, but are nevertheless a part of its earnings or profits and may form a part of ordinary dividends which are taxable when received by the stockholders. On the other hand, corporations frequently make expenditures which are not deductible from gross income for income-tax purposes, but which nevertheless reduce earnings or profits. It therefore follows that the earnings or profits mentioned in section 201 (a) of the Revenue Act of 1921 are not the equivalent of the taxable net income of the corporation. In this connection see *National Grocer Co.*, 1 B. T. A. 688, and *Lynch* v. *Hornby*, 247 U. S. 339.

But it is argued that the statutory net loss as defined by section 117, " is a pure business loss ", and should be considered in computing earnings and profits for 1928, " without differentiation from other losses allowed as deductions by section 23." This argument loses sight of the fact that Congress, in enacting section 23, was concerned only with deductions to be allowed in computing net income; it was neither defining earnings and profits, nor providing a method for computing them.

While we have held that in the case of a corporation organized subsequent to March 1, 1913, there can be no accumulated earnings or profits until an operating deficit is made good (*Louise Glassell Shorb*, 22 B. T. A. 644), we have no such question here. The Cloquet Lumber Co. was organized prior to March 1, 1913, and its operating deficit for the year 1927 was made good out of its accumulated earnings. *Helvering* v. *Canfield, supra.*

We therefore hold that the statutory net loss of 1927 can not be brought forward and deducted from the gross receipts of the year 1928 for the purpose of computing the earnings and profits of that year. The distributions in question were made out of the earnings and profits of the year 1928; petitioner's share thereof constituted taxable income to him, and our decision on this issue must be for the respondent.

*Judgment will be entered under Rule 50.*