MRS. WILLIAM P. KYNE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

WILLIAM P. KYNE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 83302, 83303. Promulgated December 23, 1936.

*William B. Hornblower, Esq.,* and *Robert L. Schwerin, C. P. A.,* for the petitioners.

*Owen W. Swecker, Esq.,* for the respondent.

OPINION.

SMITH: These proceedings are for the redetermination of deficiencies in petitioners' income tax for 1932 as follows:

| Petitioner | Docket No. | Deficiency |
|---|---|---|
| Mrs. William P. Kyne | 83302 | $3,281.52 |
| William P. Kyne | 83303 | 3,249.52 |

The proceedings were consolidated for hearing. The only question in issue, which is common to both proceedings, is the right of the petitioners to deduct from gross income certain amounts expended during the taxable year to secure legislation which would legalize horse racing in the State of California.

The petitioners are husband and wife. They resided together in the State of California in 1932 and for that year filed separate income tax returns on the community property basis.

Petitioner William P. Kyne, hereinafter referred to as the petitioner, is general manager of the California Jockey Club and the Riverside Jockey Club of Kansas City, Missouri. He became interested in horse racing in the State of California in 1928. In 1932 he owned a one-third interest in the Tanforan Race Track located near San Francisco, California, which had been in operation for about three years.

From 1928 until 1933 horse racing or betting on horse racing was illegal in the State of California, but was practiced at the Tanforan track under a so-called "option" system. The petitioner was manager of the option department.

In May or June 1932 the petitioner began a campaign to have horse racing legalized in the State of California. Threats of arrest against officers of the Tanforan Race Track were being made at that

time. The petitioner's associates in the Tanforan Race Track refused to cooperate with him in this undertaking and as a result the petitioner, on July 8, 1932, sold his one-third interest in the business for $90,000. He received $40,000 cash and notes for the balance. The petitioner continued his efforts to have horse racing legalized in the state and during the taxable year 1932 expended for that purpose $56,284.85. Of that amount $44,113.71 was his own money and $12,171.14 represented contributions made by others. The bulk of the expenditures was for office rent, printing and stationery, postage, attorneys' fees, radio time, and advertising. A petition to have the question submitted to the people for a vote was circulated and the signatures of about 200,000 registered voters were secured.

As a result of the petitioner's efforts a proposed act to legalize horse racing in the state was submitted to the voters in 1932 and failed by only one-half of one percent of the total vote cast. In the following year, however, a bill to make horse racing legal in the state was passed and became law.

In December 1933 the petitioner secured a permit from the Racing Commission of the State of California and acquired an interest in the California Jockey Club, which operates a race track at Bay Meadows, San Mateo, California.

In their separate income tax returns for 1932 each of the petitioners claimed the deduction of $22,056.86, representing one-half of the said amount of $44,113.71, as an ordinary and necessary business expense of that year. The respondent has disallowed the deduction of these amounts in determining the deficiencies herein.

Section 23 (a) of the Revenue Act of 1932 authorizes the deduction from gross income of "All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business."

In *Welch* v. *Helvering*, 290 U. S. 111, it was said that allowable deductions from gross income under this provision of the statute must be both "ordinary" and "necessary." The Court there held that the payment of another's debt without legal or other obligation was, in a high degree, "extraordinary" and not within the deductions contemplated by the statute. No less so, we think, are expenditures for the purpose of bringing about the enactment of laws favorable to horse racing.

In *Kornhauser* v. *United States*, 276 U. S. 145, the Supreme Court held that an expenditure directly connected with or which proximately resulted from the taxpayer's business was a deductible business expense under the statute. It is to be noted that at the time the expenditures here were made the petitioner was not engaged in horse racing or, so far as the evidence shows, in any related business

within the State of California. He had sold his interest in the Tanforan Race Track before the expenditures were made and did not acquire an interest in the California Jockey Club race track until some time during the following year. In the light of these facts it can in no wise be said that the expenditures in question were directly connected with or proximately resulted from any business carried on by the petitioner.

The case of *Sunset Scavenger Co.* v. *Helvering*, 84 Fed. (2d) 453, is in point. The court there held, reversing the Board on this issue (31 B. T. A. 758), that expenditures made by the Sunset Scavenger Co. during 1927 and 1929 in printing circulars, newspaper advertising, and employment of speakers to address civic organizations and public gatherings to prevent enactment of certain proposed ordinances which were calculated to damage its business, were not ordinary and necessary business expenses and were not deductible from gross income. In its decision the court relied upon the Commissioner's regulations—article 562 of Regulations 69, promulgated under the Revenue Act of 1926, and article 262 of Regulations 74, promulgated under the Revenue Act of 1928. These regulations provide in part that:

\* \* \* Sums of money expended for lobbying purposes, the promotion or defeat of legislation, the exploitation of propaganda, including advertising other than trade advertising, and contributions for campaign expenses, are not deductible from gross income.

The same provision is found in article 262 of Regulations 77, promulgated under the Revenue Act of 1932. The quoted provision of the regulations relates to deductions allowable to corporations, but we see no reason why the same rule should not apply to deductions of individuals. In both instances the statute provides for the deduction of the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business.

In *Adler Co.*, 10 B. T. A. 849, we disallowed the deduction of an expenditure for the purpose of influencing laws favorable to the taxpayer's liquor business. See also *Old Mission Portland Cement Co.* v. *Commissioner*, 69 Fed. (2d) 676; affd., 293 U. S. 289.

The respondent's determination that the expenditures made by the petitioner to bring about the enactment of laws favorable to horse racing in the State of California are not deductible from gross income is sustained.

*Judgments will be entered for the respondent.*