**MORGAN CONST. CO. v. UNITED STATES.**

No. 5869.

District Court, D. Massachusetts.

April 12, 1937.

Thayer, Smith & Gaskill and Arthur S. Houghton, all of Worcester, Mass., George A. Morin, of Boston, Mass., and Howe P. Cochran, of Washington, D. C., for plaintiff.

Francis J. W. Ford, U. S. Atty., of Boston, Mass., and Arthur L. Murray, Sp. Asst. to the U. S. Atty., of Boston, Mass., for the United States.

BREWSTER, District Judge.

Petitioner, a corporation, in the years 1927 and 1929 contributed $4,250 to the Worcester Welfare Federation, an associate of thirty-two charitable organizations, which included the Y.M.C.A., to which association petitioner had contributed prior to the organization of the Federation. The present controversy is over the refusal of the Commissioner of Internal Revenue to allow these contributions as an "ordinary and necessary expense paid or incurred during the taxable year in carrying on any trade or business" deductible under the Revenue Act of 1926 (section 234), 44 Stat. 41 and the Revenue Act of 1928 (section 23 (a), 26 U.S.C.A. § 23 (a) and note. These facts are established:

Worcester is a city of about 195,000 inhabitants. Petitioner employed, in 1927, 709, and in 1929, 738, employees. The total contributions made to the Welfare Federation in 1927 and 1929 averaged about $470,-000. This was distributed among the thirty-two charities. The allocation of the funds was not based on amounts contributed. Not over six of petitioner's employees benefited from Associated Charities, five from Boys' Club, and from twenty-eight to forty-eight employees used the facilities of the Y.M.C.A. All of these organizations were members of the Welfare Federation. The Y.M.C.A. had what was called "Morgan Night" when the facilities of the association were turned over to the em-

ployees of the petitioner. This association contributed in other ways to the amusement and welfare of petitioner's employees. Petitioner's relations with its employees were not disturbed by strikes. It can be added that if petitioner had refused to contribute to the Welfare Federation its reputation would have suffered, both in the public estimation as well as among its employees. The officers believed it was good business to join with other industries and individuals in sustaining this work of the Welfare Federation.

If the question were whether this practice was justified as a matter of good business judgment, there could be no doubt as to the answer. Such is not the issue, however. Rather, it is whether the applicable statute can be construed to permit these deductions from gross income as an ordinary and necessary expense. In Old Mission Portland Cement Co. v. Helvering, Com'r, 293 U.S. 289, 55 S.Ct. 158, 79 L.Ed. 367, it was held that a contribution to the San Francisco Community Chest by a corporation could not be so deducted. In the opinion (293 U.S. 289, at page 293, 55 S. Ct. 158, 160, 79 L.Ed. 367) it was observed:

"The privilege of deducting charitable donations from gross income, conferred on individual taxpayers by section 214 (a) of the Revenue Act of 1921 (42 Stat. 239), and section 214 (a), Revenue Acts 1924 and 1926 [43 Stat. 269, 44 Stat. 26], has not been extended to corporations. A proposal to extend it to them was rejected by Congress pending the passage of the Revenue Act of 1918 (40 Stat. 1057). Cong.Rec., House, Vol. 56, Part 10, 10426–10428."

It is significant in its bearing on the Congressional intent that the 1936 Revenue Act (section 23 (q), 26 U.S.C.A. § 23 (q) granted this privilege to corporations for the first time.

■ It does not follow that in all cases of a contribution to eleemosynary purposes the amount contributed may not be deducted as a proper expense. See Tr.Reg. 62, art. 562. The criterion seems to be whether the benefits accruing from the donation are direct or indirect. This is illustrated by the facts appearing in the lower court in the Old Mission Portland Cement Company Case (C.C.A.) 69 F.(2d) 676.

While the contribution to the Community Chest was not deductible, a contribution to Y.M.C.A. building fund, made with the understanding that the donor would receive its share of orders for cement going into the building, was allowed as a reasonable and necessary expense.

■ The facts presented in the case at bar do not, in my opinion, furnish any basis for an exception to the general rule that contributions to charities are not to be deducted under Revenue Acts in force prior to 1936. The benefits which petitioner enjoyed were indirect, rather than benefits flowing directly to the donor as an incident to its business.

Any benefits received by employees of the petitioner from the organizations in the Federation were not dependent on petitioner's contributions.

Petitioner relies on American Rolling Mill Co. v. Com'r of Internal Revenue (C. C.A.) 41 F.(2d) 314. If that case can now be considered as an authority, in view of the later decision in Old Mission Portland Cement Co. v. Helvering, supra, it is a case clearly distinguishable on the facts. The court there was plainly influenced by the fact that the plaintiff employed half of the community's wage-earning population and contributed 36 per cent. of the total civic funds raised in the community. In the instant case, petitioner employs about 750 persons out of a population of 195,000 and contributed less than 1 per cent. of the total Federation funds.

It is not sufficient that "the gifts of petitioner were made in the belief that 'they resulted in good will toward the petitioner and increased its business.'" Old Mission Portland Cement Co. v. Helvering, supra; see, also, Consolidated Gas, Electric Light & Power Co. of Baltimore v. United States, 65 Ct.Cl. 252; Alfred J. Sweet, Inc., v. United States, 66 Ct.Cl. 654.

It is my conclusion that this case is controlled by the Old Mission Portland Cement Company Case, and accordingly judgment must be entered for the respondent.