## GEORGE A. FULLER CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 434.

Circuit Court of Appeals, Second Circuit.

July 12, 1937.

Allen G. Gartner, of Washington, D. C., for petitioner.

James W. Morris, Asst. Atty. Gen., and Sewall Key and F. E. Youngman, Sp. Assts. to Atty. Gen., for respondent.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

During the taxable period involved, the petitioner was one of fourteen corporations whose voting capital stock was all owned by a common parent, the United States Realty & Improvement Company. A consolidated return was filed by the parent for 1932 for itself and all of these affiliated corporations but one. That one was the Savoy-Plaza Corporation, which was in bankruptcy and whose trustee refused to join in the consolidated return but filed instead a separate return for the bankrupt. Because not all of the affiliated corporations joined in the return in accordance with the condition on the privilege to do so prescribed in section 141(a) of the Revenue Act of 1932 (26 U.S.C.A. § 141(a), the Commissioner computed the tax of each of the members of the group on the basis of separate returns. The petitioner had net income from which it could not deduct losses that it would have been permitted to deduct had a consolidated return been allowed. The taxes thus assessed form the deficiency in dispute.

Section 141(a) of the 1932 Act granted to an affiliated group of corporations the privilege of filing a consolidated return only "upon the condition that all the corporations which have been members of the affiliated group at any time during the taxable year for which the return is made consent to all the regulations under subsection (b) * * * prescribed prior to the making of such return; and the making of

a consolidated return shall be considered as such consent."

Though it is clear that there was no actual compliance with the condition imposed by the statute, the petitioner insists that where the failure to comply is due to the refusal of a trustee of one of the group in bankruptcy whose action is, therefore, not subject to the common control which might otherwise prevail a consolidated return may properly be filed for the remainder of the group.

The plain answer to such a contention is that it is contrary to the statute. In Corner Broadway-Maiden Lane, Inc., v. Commissioner, 76 F.(2d) 106, we did, indeed, hold that an affiliated group might file a consolidated return where by statute the parent, being an insurance company, was not itself entitled to file one. But here there was no statutory bar upon the ability to fulfill the condition upon which the privilege was granted. There was simply a failure to comply when compliance was impossible only in the sense that those in charge of one member of the group elected not to join and by so doing consent to the regulations. In such a situation we have already held that some affiliates cannot file a consolidated return in which others fail or refuse to join. Export Leaf Tobacco Co. v. Commissioner (C.C.A.) 78 F.(2d) 163. And that being so, the tax liability of the petitioner was properly computed on the basis of a separate return under Art. 18 (a) of T.R. 77.

Petitioner's reliance upon Atlantic City Electric Company v. Commissioner, 288 U.S. 152, 53 S.Ct. 383, 77 L.Ed. 667, to the effect that affiliation is dependent upon legally enforceable control, is not enough to exclude the Savoy-Plaza Corporation from the group. We are now dealing with the 1932 Act, § 141(d), 26 U.S.C.A. § 141 note, under which affiliation follows merely upon ownership by one or more of the other corporations of at least 95 per centum of the stock of each of the corporations (except the common parent); and that was proved.

Decision affirmed.