## HUGHES TOOL CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9553.

Circuit Court of Appeals, Fifth Circuit.

May 26, 1941.

Rehearing Denied May 10, 1941.

See also 118 F.2d 474.

J. L. Lockett, of Houston, Tex., for petitioner.

Warren F. Wattles, John J. Pringle, Jr., and Sewall Key, Sp. Asst. to the Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Charles E. Lowery, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

This case involves the correctness of a deduction, made in a consolidated return of income for 1930 by petitioner, Hughes Tool Company, and its affiliates, of a net loss sustained by an affiliate, the Caddo Company, during a period in 1929 immediately preceding its affiliation and for which it had filed a separate return. That a net loss was suffered is admitted, but whether or not a deduction therefor in a consolidated return for a subsequent year is limited to an amount not exceeding the cost or aggregate basis of the capital stock of the affiliate held ,by those making the return, and, if so, what was such cost or aggregate basis of the stock to them, form the bases of this dispute. The Board of Tax Appeals allowed a deduction for net loss carried over up to $5,000, but denied the excess over that amount on the ground that the petitioner paid no more than $5,000 for the stock of the company held by it.

The first question arises under Article 41(c) of Treasury Regulations 75 promulgated pursuant to Section 141(b) of the Revenue Act of 1928. This regulation permits the deduction of such a net loss, but provides that no such loss will be allowed as a deduction in excess of the cost or the aggregate basis of the stock of such corporation owned by the members of the group. By filing the consolidated return, each member of the affiliated group consented to this regulation unless and except in so far as its terms were inconsistent with the statute.[1]

The broad powers conferred upon the Commissioner of Internal Revenue in the matter of prescribing regulations under Section 141 of the Act of 1928 were entrusted to him under a mandate that the regulations so prescribed prevent the avoidance of tax liability. The Commissioner devised and promulgated regulations which permitted affiliates to file either separate or consolidated returns, at their option, and which allowed, for the first time, deductions to be taken for net losses carried over without being restricted to the net income of the affiliate. The taxpayer does not protest the invalidity of this portion of the regulation, for it considered it to be advantageous enough to it to select this method of filing its return. What it now complains of is the condition placed upon the exercise of the privilege—that of being required to consent to the regulations—and the limitation placed upon the extent of the deduction to an amount not in excess of the cost or aggregate basis of the capital stock owned by it.

That the regulation, in the absence of the limitation upon the amount of the deduction, would be susceptible to inequitable tax avoidance was recognized by the Supreme Court in the case of Woolford Realty Co. v. Rose, 286 U.S. 319, 52 S.Ct. 568, 76 L.Ed. 1128, where the procedure here adopted, the purchase of shares of stock of a company which had suffered heavy losses by a prosperous company, was termed facile and obvious juggling. That the Commissioner did not exceed his authority under the statute seems to be generally recognized.[2] The petitioner was not entitled to deduct more than the sum paid by it for the stock.

The dispute as to the cost or aggregate basis to the petitioner of the 100 shares of stock of the Caddo Company centers about the propriety of adding to the $5,000 actually paid for the stock the sum of $2,579,881.94 which was owed to petitioner by the Caddo Company and was forgiven and cancelled without payment. This debt was acquired by petitioner as a dividend from its subsidiary. It was ordered remitted and cancelled by a resolution of the Board of Directors on July 7, 1930, but the entry thereof on the petitioner's books designated the action a contribution, as of December 31, 1929, to the capital stock of the Caddo Company.

For the purposes of this decision, it is unnecessary to decide whether this cancelled debt would have been a part of the cost or aggregate basis of the stock to petitioner if it had paid full value upon the acquisition of the debt. All that the record here reveals is that the debt was received as a dividend. The actual acquisition cost, if any, to the petitioner is not disclosed by this record, and was found to be unproved by the Board of Tax Appeals. When the Commissioner made his determination that

[1] Sec. 141(a) of Revenue Act of 1928, 45 Stat. 791, 26 U.S.C.A.Int.Rev.Acts, page 396; Treasury Regulations 75, Article 1; Ilfeld Co. v. Hernandez, 292 U.S. 62, 54 S.Ct. 596, 78 L.Ed. 1127.

[2] Acorn Refining Co. v. Commissioner, 34 B.T.A. 566; Cf. Woolford Realty Co. v. Rose, supra; Fuller Co. v. Commissioner, 2 Cir., 92 F.2d 72.

this sum was not deductible in full, that determination was prima facie correct, and imposed upon the taxpayer the burden of proving the cost of the stock to it.[3] No proof was offered that petitioner paid anything for the indebtedness, and no direct evidence indicates that it had any value at the time it was cancelled. The repeated heavy losses sustained by the debtor inferentially support the determination of the Commissioner. Not being disproved, the cost of the capital stock must be accepted to be $5,000. The Board's treatment of the case was correct, and its order is

Affirmed.

[3] Avery v. Commissioner of Internal Revenue, 5 Cir., 22 F.2d 6, 55 A.L.R. 1277; Quinn v. Commissioner, 5 Cir., 111 F.2d 372.