MAGNOLIA PETROLEUM CO. v. THOMAS, Collector of Internal Revenue.

No. 11204.

Circuit Court of Appeals, Fifth Circuit.

Dec. 4, 1945.

Raymond M. Myers, of Dallas, Tex., for appellant.

Homer R. Miller and Sewall Key, Sp. Assts. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., Clyde O. Eastus, U. S. Atty., of Fort Worth, Tex., and A. W. Christian, Asst. U. S. Atty., of Dallas, Tex., for appellee.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

McCORD, Circuit Judge.

This appeal is from the District Court affirming a decision of the Commissioner of Internal Revenue denying to the Magnolia Petroleum Company, plaintiff, a refund for income taxes for the years 1934 and 1935.

The Magnolia Petroleum Company, a Texas corporation, was engaged in the business of producing, refining and marketing crude oil and the products therefrom in Texas and other States. The record discloses that plaintiff paid the Magnolia Pipe Line Company, an affiliate, transportation costs in accordance with tariffs duly filed with the Interstate Commerce Commission, and with the proper authorities in the various States.

In the year 1933, Magnolia Petroleum Company, Vacuum Oil Company and Magnolia Pipe Line Company, as a part of a group consisting of Socony-Vacuum Oil Company and its affiliated subsidiaries, filed a consolidated income tax return. In valuing its inventory in the consolidated return the plaintiff eliminated intercompany profits. That is, the inventory did not include transportation costs paid to Magnolia Pipe Line Company by plaintiff, except to the extent of costs to Magnolia Pipe Line Company for such transportation. In such return the inventory products acquired from Vacuum Oil Company were valued at costs to Vacuum Oil Company and not to the plaintiff. This method of reporting income for taxation purposes was permissible under the law as it existed prior to 1934.

In the year 1934 the privilege of filing consolidated returns was withdrawn by the Congress, and the plaintiff filed a separate return for the years 1934 and 1935. In valuing its opening and closing inventory for the year 1934 the plaintiff included the cost to it of transporting the oil and other products included in the inventory; it included as value in the inventory the amount paid Magnolia Pipe Line Company for the transportation of its products. A like procedure was followed in valuing products obtained from Vacuum Oil Company.

The Commissioner in making the assessment of additional taxes adjusted plaintiff's opening inventory as of January 1, 1934 to the same figure as the closing inventory reported upon the affiliated basis used in making the consolidated return. He also decreased the closing inventory as of December 31, 1934 and the opening inventory for January 1, 1935 in an amount sufficient to bring the cost of products remaining at that time out of the December 31, 1933 inventory to the same affiliated cost basis.

Treasury Regulation 86, Article 113(a)(11)-1, under which the Commissioner acted provides that:

"* * * The basis of property after a consolidated return period shall be the same as immediately prior to the close of such period. This rule is applicable, for instance, to the making of separate returns by the members of an affiliated group of corporations for taxable years beginning after December 31, 1933, due to the withdrawal under the law of the privilege of making consolidated returns. For example, if a corporation has been a member of an affiliated group which has made a consolidated return on the calendar year basis for the taxable year 1933 and is required to make a separate return for the taxable year 1934 and succeeding taxable years, the value of the opening inventory to be used in computing such corporation's net income for the taxable year 1934 is the proper value of the closing inventory used in computing the consolidated net income for the preceding taxable year."

The pertinent provisions of the Revenue Act of 1934, under which Regulation 86, just adverted to, was promulgated, will indicate, we think, the way in which the opening and closing inventories should be determined:

"Sec. 22. Gross Income. * * * (c) Inventories. Whenever in the opinion of the Commissioner the use of inventories is necessary in order clearly to determine the income of any taxpayer, inventories shall be taken by such taxpayer upon such

basis as the Commissioner, with the approval of the Secretary, may prescribe as conforming as nearly as may be to the best accounting practice in the trade or business and as most clearly reflecting the income." 26 U.S.C.A.Int.Rev.Acts, page 669.

"Sec. 113. (a) The basis of property shall be the cost of such property; except that—

"(1) Inventory value. If the property should have been included in the last inventory, the basis shall be the last inventory value thereof.

"(11) * * * The basis in case of property acquired by a corporation during any period, in the taxable year 1929 or any subsequent taxable year, in respect of which a consolidated return is made by such corporation under section 141 of this Act or the Revenue Act of 1928 or the Revenue Act of 1932, shall be determined in accordance with regulations prescribed under section 141(b) of this Act or the Revenue Act of 1928 or the Revenue Act of 1932. The basis in the case of property held by a corporation during any period, in the taxable year 1929 or any subsequent taxable year, in respect of which a consolidated return is made by such corporation under section 141 of this Act, or the Revenue Act of 1928 or the Revenue Act of 1932, shall be adjusted in respect of any items relating to such period, in accordance with the regulations prescribed under section 141(b) of this Act or the Revenue Act of 1928 or the Revenue Act of 1932, applicable to such period." 26 U.S.C.A. Int.Rev.Acts, page 696.

Moreover, the Congress has by reference to similar regulations prescribed under Section 141(b) of the Revenue Act of 1932, given more than tacit approval to the method of handling inventories in separate returns as here adopted by the Commissioner. Treasury Regulation 78, Article 39(b) promulgated under the Revenue Act of 1932, which is referred to in the Revenue Act of 1934 provides:

"If a corporation has been a member of an affiliated group which has made a consolidated return and in the succeeding taxable year makes a separate return, the value of the opening inventory to be used in computing its net income for such succeeding taxable year shall be the proper value of the closing inventory used in computing consolidated net income for the preceding taxable year. For example, corpo-

ration S joins in making a consolidated return for 1932 and makes a separate return for 1933. The proper value of its closing inventory for 1932 after eliminating inter-company profits is $90,000. Accordingly its opening inventory for computing its net income for 1933 will be $90,000."

In view of the express approval of the Congress and the broad discretion given the Commissioner under Section 22(c), we are of opinion that the regulation under which the Commissioner acted is not only reasonable but in harmony with applicable statutes. Lucas v. Kansas City Structural Steel Co., 281 U.S. 264, 50 S.Ct. 263, 74 L.Ed. 848; Old Mission Co. v. Helvering, 293 U.S. 289, 55 S.Ct. 158, 79 L.Ed. 367; Bostonian National Shoe Stores, Inc., v. Commissioner, 39 B. T. A. 444.

The judgment is affirmed.