**HARVEY et al. v. CAMPBELL et al.**
**Civ. No. 4712.**

United States District Court
N. D. Texas, Dallas Division.
Oct. 15, 1952.

Clark, Coon, Holt & Fisher, Dallas, Tex., for plaintiffs.

Leon Cooper, Asst. Atty. Gen., Washington, D. C., Tom Shaw, Asst. U. S. Atty., Dallas, Tex., for defendants.

ATWELL, Chief Judge.

Seeking a recovery of $12,683.34 alleged to have been paid in 1948, and $11,301.40 for the year 1949, the plaintiffs base such effort upon the ground that they had established a trust for charitable, scientific, and, religious purposes, and that donations to such trust during the mentioned years should have been recognized as deductible and they seek relief under Sections 1016, 1017 and/or 23(o), 26 U.S.C.A.

The plaintiffs owned 69% of the stock of the Tyler Foundry Company, and one of the trustees of the trust, there being three such trustees, one of whom was plaintiff Harvey, was the owner of a large percentage of the remaining stock of the Tyler Foundry Company. In truth, all of the shares of the Tyler Foundry Company were owned by the plaintiffs, and stockholder and trustee, Squires.

The contributions that were made by the plaintiffs to this trust were used for the purchase of something less than thirty-five

acres of land close to the Tyler Foundry Company.

Upon this land they erected houses, and also purchased houses which were, in turn, sold to the employees of the Tyler Foundry Company, loans being made by the trust for that purpose. These employees were both white and colored. The houses purchased for the colored were in the colored area of Tyler residences, and the white were in the appropriate area. The employees so favored made not less than $40 a week, and some of them ranged as high as $88 per week.

The loans for the above purpose were restricted to employees of the Tyler Foundry Company, and the trustees had a discretion in using the funds of the trust.

In addition to the salaries received, there were bonuses and vacations with pay, and sick and hospitalization benefits for the employees.

This sketch of the plaintiffs' activity in this direction of trust formation, hardly discloses that it was either charity, or, charitable. The dictionary definition of "charity," is: "Christian love, love for one's fellow-men; good will to others; leniency in judging others, or their actions; benevolent feeling or action toward those in need; almsgiving; the private or public relief of the poor; a charitable act or work; something given to a person or persons in need; a charitable bequest, foundation or institution." "Charitable" is defined: "Exhibiting charity; lenient in judging others; disposed to relieve the needs of others; liberal in almsgiving; also pertaining to or concerned with charity; relating to almsgiving."

Thus the crudely drawn picture of what was attempted to be done, and what was, in fact, done, discloses a business proposition for the benefit of the Tyler Foundry Company, primarily. Incidentally, it afforded an opportunity for the self-supporting and efficient, as well as the common labor employee, to have a home contiguous to the employer's place of business.

The cases cited by both sides are somewhat lacking in facts or argument, to support the contentions of the respective parties. Among such cases are: Delmo Housing Corp. v. Finnegan, D.C., 85 F.Supp. 220. That case reflects that the purpose of the trust was to aid "destitute" persons in the purchase of small homes, and the corporation was to sell at cost and any surplus was for the benefit of the property and its purchasers. Rio Farms, Inc., v. Scofield, D.C., 103 F.Supp. 515, 527, related to an organization "not organized for profit but operated exclusively for the promotion of social welfare".

In Garden Homes Company v. Commissioner, 64 F.2d 593, the Circuit Court of Appeals for the 7th Circuit held that the housing corporation organized under the statute, leasing dwellings to tenant stockholders, was not exempt from federal income taxation as domestic building and loan association.

The case of First National Bank in Dallas v. Commissioner, by the 5th Circuit, 45 F.2d 509, held that a gift to local Masonic bodies was not exempt from estate tax as gift to "corporation organized and operated exclusively for charitable purposes."

I find nothing in Helvering v. Bliss, 293 U.S. 144, 55 S.Ct. 17, 79 L.Ed. 246, nor in Old Mission Portland Cement Co. v. Helvering, 293 U.S. 289, 55 S.Ct. 158, 79 L.Ed. 367, which is of benefit to us in our reasoning even though it was cited by the defendants.

I am convinced that judgment should go for the defendants because of the above found facts which show that it was not a charitable trust within the statutory terms.