426 P.2d 812

**BENNETT ASSOCIATION, Plaintiff,**

v.

**UTAH STATE TAX COMMISSION, Defendant.**

**No. 10682.**

Supreme Court of Utah.

April 21, 1967.

---

---

Mulliner, Prince & Mangum, F. S. Prince, John K. Mangum, Salt Lake City, for plaintiff.

Phil L. Hansen, Atty. Gen., F. Burton Howard, Salt Lake City, for defendant.

CROCKETT, Chief Justice:

Bennett Association contests a corporate franchise tax deficiency of $73,029 assessed against it by the defendant Tax Commission based on its receipt of a $1,766,362 liquidating distribution of assets from a subsidiary corporation, Bennett's, during the taxable year of 1964

Plaintiff places reliance on Article 34 of Regulation 4(a) of the Tax Commission which provides that:

> Gain or loss shall not be recognized upon a distribution *during a consolidated return period*, by a member of *an affiliated group* to another member of such group, in cancellation or redemption of all or any portion of its stock; and any such distribution shall be considered an intercompany transaction. (Emphasis added)

Plaintiff company, (a Massachusetts business trust) taxable as a corporation, and its three 95% owned subsidiaries, including Bennett's, filed separate returns through 1963. In January, 1964, in order to become eligible to file a consolidated return with its subsidiaries for the 1964 taxable year, plaintiff obtained permission from tax officials to change its method of accounting, and Bennett's received permission to change from a fiscal year ending September 30, to a calendar year. Bennett's then filed a tax return covering the short period from September 30, 1963, to December 31, 1963. On March 31, 1964, in cancellation of all of its outstanding stock, the subsidiary Bennett's made a liquidating distribution of its assets to the parent corporation, plaintiff Bennett's Association. Bennett's business of manufacturing and selling paint was continued unchanged.

Plaintiff and its subsidiaries, including Bennett's, were members of an "affiliated group", which is defined by Section 59–13–23(4) U.C.A.1953, as including the parent corporation and each subsidiary (two or more) for which it owns at least 95% of the stock. It made a consolidated return for 1964 for itself and subsidiaries, but its accountant inadvertently did not include in the return the income from Bennett's for the three months of 1964 before it was dissolved, nor a required consent form from Bennett's. Six months later, in October, 1965, plaintiff

filed an amended return correcting these deficiencies.

The Tax Commission raises the issue that the distribution was not made "during a consolidated return period." It argues these propositions: (1) The corporate franchise tax is a prepaid tax, for the privilege of corporate existence in the State during a given year, but is based on the income for the preceding year (Secs. 59–13–1(6), 59–13–3, U.C.A.1953). (2) Thus when Bennett's (the subsidiary) had filed its tax return for the 1963 taxable year, it had paid for the privilege of doing business in 1964; and inasmuch as it dissolved during 1964, it would have no tax and is not required to file a return for 1964. (3) That it therefore cannot join in the consolidated return of the affiliated group; so the liquidation distribution back to the parent company on March 31, 1964, was not "during a consolidated return period" for the subsidiary (Bennett's) and the liquidating transaction is thus not exempted by Article 34 quoted above.

█ The Tax Commission's position in this regard strikes us as anomalous. It would seem to mean that where the subsidiary dissolved during a year, it does not have a taxable year, and cannot join in the consolidated return and have the advantage of Article 34. The only way it could do so would be to liquidate into the parent in one year, and then somehow remain alive and doing business in the next year and join in the consolidated return. The sensible and practical application of the regulation is to construe the phrase "during a consolidated return period" as referring to the tax return period of the parent corporation which makes the return for the group.[1]

█ Section, 59–13–23, U.C.A.1953, and Regulation Article 34 implementing it, giving affiliated corporations the privilege of making a consolidated return, date from 1931.[2] They were taken almost verbatim from the 1928 U.S. Internal Revenue Code and Regulations. Therefore, reference to cases interpreting the Federal Statute and regulations is helpful.[3] The basic concept is that where there are several affiliated corporations (where a parent owns at least 95% of the stock) they are properly regarded as a unified business entity within which transfers of assets should be permitted without incurring tax liability and the latter should attach only when assets are disposed of outside the inter-related group.

A case in point as to the principle involved, but having a reverse twist from our case, is Charles Ilfeld Co. v. Hernandez,[4]

---

1. Utah Corp. Franchise Tax Reg. No. 4, Art. 13.
2. Utah Session Laws 1931, Ch. 39, Sec. 26.
3. See Helvering v. Terminal Ry. Ass'n of St. Louis, 89 F.2d 739 (1937). See also Old Mission Portland Cement Co. v. Helvering, 293 U.S. 289, 55 S.Ct. 158, 79 L. Ed. 367 (1934).
4. 292 U.S. 62, 54 S.Ct. 596, 78 L.Ed. 1127.

in which the U.S. Supreme Court considered the application of a comparable federal regulation. Two subsidiaries had turned over their assets to the parent corporation and dissolved. Instead of a gain, a loss resulted. It was held that the taxpayer could not take a deduction for the loss inasmuch as it was in reality the owner of all of the shares and assets and this was but an intercompany transaction.

■ The point in the instant case which may seem to have some significance, and which deserves comment is: That the plaintiff, Bennett's Association, did not include the income of its subsidiary (Bennett's), nor the latter's consent to the consolidated return, in the tax return as first filed in April, 1964. However, it is not disputed that the plan of liquidation had been made and that these omissions were by error of plaintiff's accountants. What is important to keep in mind is that both the statute and the regulations provide that the plaintiff in making its consolidated return for the affiliated group *must* include the income of all subsidiaries which were members of the group for any portion of the year.[5] This of course includes Bennett's. If the plaintiff had not voluntarily amended its return and included the income of the latter, it could have been compelled to do so.

■ The assertion of the Tax Commission that because the subsidiary Bennett's did not file its consent to the consolidated return it was precluded from thereafter doing so should be looked at and resolved in a fair and practical way. Inasmuch as the subsidiary is being dissolved and taken over by the parent corporation, which owns 95% of it anyway, it seems quite impractical to place emphasis on technical form by saying that the subsidiary has not formally "consented." Section 59–13–23(1) recognizes this by providing that "[t]he making of a consolidated return shall be considered as such consent." The same issue was dealt with in the case of Ilfeld Co. v. Hernandez referred to above and the court said: "The making of the consolidated return constituted acceptance by petitioner and its subsidiaries of the regulations that had been prescribed." [6]

It is our opinion that the facts shown by the record and discussed herein can reasonably be regarded as pointing only to this conclusion: that the transaction by which the plaintiff, Bennett Association, liquidated and absorbed its almost wholly owned subsidiary (Bennett's) was an intercompany transfer in which the assets remained under essentially the same ownership and is thus the type of transaction which it was the

5. Sec. 59–13–23, U.C.A.1953, provides that: "[T]he consolidated return shall include the income of such * * * corporation for such part of the year as it is a member of the affiliated group." This is implemented by the Tax Commission Regulations, Articles 30 and 32.

6. Footnote 2 above.

purpose of Article 34 of Regulation 4 to exempt from tax liability.

The tax deficiency is vacated. No costs awarded.

CALLISTER, TUCKETT, HENRIOD and ELLETT, JJ., concur.