ROBINSON v. COMMISSIONER OF INTERNAL REVENUE.

No. 5974.

Circuit Court of Appeals, Sixth Circuit.

June 27, 1932.

T. O. Marlar, of Toledo, Ohio (Marshall, Melhorn, Marlar & Martin, of Toledo, Ohio, on the brief), for petitioner.

Helen R. Carloss, of Washington, D. C. (G. A. Youngquist, Asst. Atty. Gen., and Sewall Key, S. Dee Hanson, C. M. Charest, and J. M. Leinenkugel, all of Washington, D. C., on the brief), for respondent.

Before HICKS and HICKENLOOPER, Circuit Judges, and HOUGH, District Judge.

HICKENLOOPER, Circuit Judge.

Petitioner entered the employment of the Libbey Glass Company in 1911 in a menial capacity. For several years he worked at no salary whatever or for a nominal salary, learning the business. By 1915 he had risen to a position of comparative importance, and had received an offer of employment by the Owens Bottle Company. He discussed this offer with Mr. E. D. Libbey, who had been his patron and adviser. Mr. Libbey advised against the acceptance of the offer, and proposed to "sell" to him 200 shares of common stock of the Libbey Company at a price of $200 per share, stating that "he was letting him have it at a much lower figure than its real value and that he was doing a personal favor to him and he was doing it in a way to make it more attractive to stay with the Libbey Glass Company." The parties stipulated before the Board of Tax Appeals that the stock was worth more than $200 per share, but not in excess of $396.52 per share, and that, if the true market value at the time of acquisition controlled in the determination of the profit realized upon dissolution of the company in 1922, the parties would then agree upon such market value. Whether the actual money cost of $200 per share, as held by the Board of Tax Appeals, or the market value of the stock at the time of acquisition is to control in fixing the capital base, presents the only question for our determination.

The Board of Tax Appeals found the stock to be closely held; that its true worth or market value was in excess of the price paid; that Mr. Libbey accepted the petitioner's promissory note, secured only by the shares sold; that the note bore 5 per cent. interest; and that it was expected that dividends would eventually pay the note in its entirety. In each such case we think that the

obvious intent of the parties, and their relationship as affecting intent, are the controlling considerations. Here the relationship between the parties, the personal interest shown by Mr. Libbey in the business career of the petitioner, the evident purpose of Mr. Libbey to educate the petitioner in the business, to the end that he might not only qualify himself for a position of executive responsibility, but that, in doing so, he might also create an investment estate for himself in the very company to which he was applying his talents, the conditions of the sale, and the admitted value of the stock in excess, perhaps largely in excess, of the agreed price, demonstrate, in our opinion, that such excess value, whatever it may hereafter be stipulated to have been, was either intended as a gift by Mr. Libbey to the petitioner, induced by a genuine paternal interest in the petitioner's welfare, or as in the nature of compensation for past or future services in the interest of the Libbey Glass Company and Mr. E. D. Libbey personally. Compare: Cohen v. Commissioner, 31 F.(2d) 874 (C. C. A. 4); Robertson v. Commissioner, 5 B. T. A. 748; Rosseter v. Commissioner, 12 B. T. A. 254; Treasury Decision 3435 (II—1 C. B. 50). Whether regarded as a gift or as compensation, it is evident that the surplus value, over and above the actual price paid for the shares, must be taken into consideration in determining the capital base, and that such base is to be fixed at the true or market value at the time the stock was acquired.

The decision of the Board of Tax Appeals is reversed, and the cause is remanded for further proceedings consistent with this opinion.