## GROSS v. COMMISSIONER OF INTERNAL REVENUE.

### No. 6071.

Circuit Court of Appeals, Seventh Circuit.

Nov. 3, 1937.

Rehearing Denied Dec. 8, 1937.

Arnold R. Baar, Arthur R. Foss, and KixMiller, Baar & Morris, all of Chicago, Ill., for petitioner.

George H. Zeutzius, of Washington, D. C., and James W. Morris, Asst. Atty. Gen., and Sewall Key and Maurice J. Mahoney, Sp. Assts. to the Atty. Gen., for respondent.

Before EVANS and MAJOR, Circuit Judges and LINDLEY, District Judge.

MAJOR, Circuit Judge.

This is a petition to review a decision of the Board of Tax Appeals sustaining the determination of respondent that 104 shares of the capital stock of the Unity Manufacturing Company received by petitioner as a part of his salary for 1928 had a fair market value of $10,400, which was its par value when received, and including the same in petitioner's gross income for the year 1928. The applicable law is not in dispute, and the only question raised by petitioner is whether the record sustains the finding of fact as made by the Board. It is claimed there is no express finding as to the fair market value of the stock at the time it was received, and for that reason the cause should be returned to the Board to make such essential finding. The Board did find "from all the evidence, we hold that the petitioner has failed to prove that the stock in question had no fair, market value, or any fair, market value less than that determined by the respondent." While we regard this as a rather awkard expression, yet we think it is the equivalent of an affirmative statement that the stock had a fair market value of $10,400, and shall so treat it. The opinion of the Board containing the facts as found by it is quite lengthy and need not be set forth in detail. Briefly, the following situation is presented: During the taxable year of 1928, petitioner was president and treasurer of the Unity Manufacturing Company, a corporation engaged for more than 10 years in the sale of a spot light for automobiles. For such services during the year in question, he was paid a salary of $20,800 in cash and 104 shares of stock of the corporation of a par value of $10,400. Petitioner reported the receipt of this stock in his income tax return as having no market value. Respondent, in determining the deficiency, held that the stock had a fair, market value equal to its par value, and increased petitioner's gross income by such amount.

Prior to the year in question, the Unity Manufacturing Company was involved in patent litigation wherein the subject matter was the spot light which it was selling. This litigation appears to have been settled without a judicial determination as to its merits. During the year in question the corporation was threatened with other and further litigation as infringers with reference to the product which it was selling, and it is because of this threatened litigation that petitioner earnestly insists the stock in question has no value. There is some testimony in the record which supports, or tends to support, this contention. It is disclosed that the corporation was engaged in a prosperous business, and in

the year 1929 almost doubled its sales over the preceding year. During the year in question, petitioner, acting in his official capacity in executing the corporation return, under oath, placed a valuation upon the stock in question of $10,400, and the corporation was allowed a deduction from its gross income in said amount by the Commissioner of Internal Revenue. At this time petitioner was the owner of 80 per cent. of the outstanding corporate stock.

The corporation, at the close of 1928, had a surplus of $1,248.77 and no evidence was offered, other than the threatened litigation, to show its assets or liabilities. Reference is made, in the Board's opinion, to other evidence as bearing upon the question of value, which we regard as of minor importance.

 The question here presented is one of fact and if there is substantial evidence to support the finding of the Board in this respect, it is not the province of this court to disturb such finding, even though we might arrive at a different conclusion if the matter was submitted to us as an original proposition. Keystone Steel & Wire Company v. Commissioner (C.C. A.) 62 F.(2d) 458; Helvering v. Rankin, 295 U.S. 123, 55 S.Ct. 732, 79 L.Ed. 1343; Old Mission Co. v. Helvering, 293 U.S. 289, 55 S.Ct. 158, 79 L.Ed. 367; Phillips v. Commissioner, 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289. We must also take into consideration that while the Commissioner's determination is in itself not to be considered as evidence, yet it is prima facie correct and is presumed to have as its basis a correct determination of the facts. Wickwire v. Reinecke, 275 U.S. 101, 48 S.Ct. 43, 72 L.Ed. 184; Lucas v. Kansas City Structural Steel Co., 281 U. S. 264, 50 S.Ct. 263, 74 L.Ed. 848; Old Mission Co. v. Helvering, supra.

 We are of the opinion the Board was entirely justified in the conclusion reached that petitioner's contention that the value of the stock was destroyed or even greatly diminished by threatened litigation was too uncertain and speculative to be controlling. The fact that the corporation carried a surplus with no showing as to its assets or liabilities other than this contingent liability, while not controlling, is a factor to be considered. To our minds, however, the most significant evidence on the question of value is petitioner's own statement, under oath, made in 1928 with reference to the in-

come tax return filed by him on behalf of the corporation of which he was president. At that time he valued this stock at par and thereby obtained a financial advantage to the corporation, of which he owned 80 per cent. of the stock. It is true at that time he was acting for the corporation and now he is acting for himself individually, but nevertheless, he is one and the same person. Under such circumstances, the Board evidently attached very little weight to his present claim that the stock is of no value, and in this it was, in our judgment, entirely justified.

We have examined the authorities relied upon by petitioner and find them inapplicable to the facts as herein presented.

The decision of the Board of Tax Appeals is affirmed.