*262 OPINION.
TurneR:
The respondent contends that the option granted the petitioner “by its terms was strictly an employment of service contract” and that the difference between the price paid for the shares of stock and their fair market value on the date of purchase was additional compensation received by him as an employee of Continental Can Co. The petitioner contends that his purchase of stock was a “bargain” purchase and that such acquisition does not result in the realization of gain until the shares are sold or otherwise disposed of at a profit. In the alternative, he contends that if the transaction did constitute the payment of compensation, such compensation was received either when the option was originally granted or on the respective dates when the right to acquire the various allotments of stock matured.
Numerous cases which resemble the instant case in many respects have been decided and the results in many of them can not be reconciled as to conclusions of fact or conclusions of law. The disposition of such cases has become increasingly difficult because of the effort to *263 spell out some set rule or formula whereby transactions of the type here involved may be automatically classified either as “bargain” purchases having no dependency on a contract of employment and which in the absence of sale or other disposition of the shares are said not to result in the present realization of gain, or classified as the payment of compensation which, to the extent that, the fair market value of the shares on the date of acquisition exceeds the purchase price, must be returned by the employee as income in the year of the purchase. To hold that a transaction of the character here involved is a “bargain” purchase having nothing to do with the employer-employee relationship, or, to the contrary, that it is not a purchase but constitutes the receipt of compensation having nothing to do with the purchase of property, to the extent that the fair market value exceeds the purchase price, is to ignore obvious facts and to assume a case substantially different from the one before us. In the first place, it may not be said that the acquisition of the stock of Continental Can Co. was not a purchase merely because the price paid was substantially lower than the price at which the same stock was then selling on the market, and, in the second place, obvious facts are ignored if it be said that the stock transaction was separate and apart from, or was not based upon, the employer-employee relationship, or that it had no relation to services rendered or to be rendered. In practically all such cases both elements are present and decision is impossible if the absence of one or the other is essential thereto.
Normally the purchase of property does not result in the realization of taxable gain, but rather in the acquisition of an asset with a view to the later realization of gain or profit through its use or subsequent sale, and upon sale the general rule is that no taxable gain is realized until the seller has recovered his cost or capital. Burnet v. Logan, 283 U. S. 404. Certainly the above principle is applicable in the instant case in so far as the stock acquired by the petitioner under the option granted to him by his employer was acquired at a cost to him of $30 per share in cash. It is also equally obvious that the petitioner did not at the time of or in the year of purchase recover any part of such cost. Our question then is whether on the facts presented it must be said that some undivided part of the 640 shares of Continental Can acquired by the petitioner was acquired by purchase and in respect of that part no taxable gain is realized until the stock is sold or otherwise disposed of and the petitioner has recovered his cost, while saying that the remaining undivided part of the said shares was received as the payment of compensation and must be reported as income in the year received to the extent of the fair market value of such undivided part. If so, it must be because of the fact that the price paid was lower than the price at which the same stock *264 was selling on the market either at the time of purchase or at the time the offer was extended or became effective; otherwise, there would be no basis for holding that any portion of the stock was acquired other than by purchase, even though the sale to petitioner was based on an employer-employee relationship. Gardner-Denver Co. v. Commissioner, 75 Fed. (2d) 38. Furthermore it is not at all unusual that the purchaser of property may through his ability and shrewdness as a buyer, or by reason of other influences or forces, be able to purchase property at a price substantially lower than the price at which it may be immediately sold, but it does not follow that gain is presently realized through such a purchase. Manomet Cranberry Co., 1 B. T. A. 706; Morgan J. McMichael, 4 B. T. A. 266; George W. Van Vorst, Executor, 22 B. T. A. 632; affd., 59 Fed. (2d) 667; James William Everhart, 26 B. T. A. 318; W. L. Dunn, 14 B. T. A. 13; and Rose v. Trust Co. of Georgia,, 28 Fed. (2d) 767. Accordingly it is our opinion that as a prerequisite to the conclusion sought by the respondent it should definitely and clearly appear that a transaction, which in form is nothing more than a purchase and to an obvious and substantial extent is unquestionably a purchase, is in fact to some extent the payment of compensation for services rendered or to be rendered.
If the agreement between an employer and employee shows that the amount of money which is to be paid by the employee in connection with the acquisition of stock in the employer is fixed or controlled by services rendered or to be rendered and further shows that the employee agrees to receive payment of his compensation in the form of stock, the parties should not be heard to say that the excess of the fair market value of the stock over the cash paid by the employee should not be treated for income tax purposes as compensation paid. Albert Russel Erskine, 26 B. T. A. 147. Cf. W. M. Ritter Lumber Co., 30 B. T. A. 231. It is also possible that even in the absence of such a definite understanding or expressed declaration in the agreement between the employer and employee, the circumstances surrounding the agreement may be such as to render unreasonable and absurd any conclusion that the acquisition of the stock at the price named did not constitute the payment of compensation to the extent of the difference between the amount paid and the fair market value of the stock. Such, however, is not the case before us. It is true that the prospective purchasers were selected solely because they were valued employees of Continental Can Co., and there is no doubt that the added interest of these employees and the proprietary attitude toward the company which would result from their ownership of the stock constituted one of the motives for the granting of the option. It is equally obvious, however, that the continued employment of the petitioner was not dependent upon the receipt by him *265 of the right to purchase the stock at less than the market price. The terms and conditions of his employment and the compensation he was receiving were in no way changed by the receipt of the privilege of purchasing the stock. Accordingly the rule stated in the Ershine and Ritter Lumber Co. cases is not applicable here. Furthermore the price to be paid by petitioner for the stock was substantial and, if consideration be given to the language of the offer, the margin of difference between the option price and the current market price at the time the option price was fixed, and to the fluctuation of prices on the stock market during the period in which the offer was made, we do not believe that it can be said that the margin of difference between the offering price and the fair market value of the stock was so great as to require the conclusion that the transaction here constituted the payment of compensation. Cf. Omaha National Bank v. Commissioner, 75 Fed. (2d) 434; Gardner-Dewoer Co., supra; and Rossheim v. Commissioner, 92 Fed. (2d) 247. Accordingly we are unable to find in the instant case the elements which would indicate that the transaction was not what its form indicates, that is, a purchase of stock by the petitioner with a view to the subsequent realization of profit through dividends or sale or other disposition of the, property.
The conclusion stated makes it unnecessary to consider the petitioner’s alternative contentions.

Decision will be entered for the petitioner.