## ALLEN v. COMMISSIONER OF INTERNAL REVENUE.

### No. 4521.

Circuit Court of Appeals, Fourth Circuit.

Nov. 6, 1939.

152

George E. Allen, of Richmond, Va. (George E. Allen, Jr., of Richmond, Va., on the brief), for petitioner.

Lee A. Jackson, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., on the brief), for respondent.

Before PARKER, SOPER, and NORTHCOTT, Circuit Judges.

NORTHCOTT, Circuit Judge.

This is a petition for review of a decision of the United States Board of Tax Appeals involving a deficiency assessed against the petitioner, George Edward Allen, in income taxes for the year 1934 in the amount of Seven Hundred Seventy-Five Dollars and Fifty-Nine Cents ($775.-59). The decision of the Board was entered on March 30, 1939.

Petitioner is engaged in the practice of law in the City of Richmond, Virginia, and in March, 1934, fifteen thousand shares of the common stock of the Virginia Airship Company, a Virginia corporation, par value One Dollar ($1) per share, were given to him for legal services to the corporation, chiefly to be rendered in the future.

During the remainder of the year 1934 the petitioner sold two thousand five hundred twenty-seven (2,527) shares of this stock for One Thousand Nine Hundred Seventy-Seven Dollars ($1,977), or an average of approximately Seventy-Eight (78) Cents per share. During the years 1935, 1936 and 1937 the taxpayer sold all of the remaining stock held by him with the exception of five hundred (500) shares which he gave to his daughter, six hun-

dred (600) shares to his secretary, and one thousand five hundred seventy-three (1,573) shares given to his son. The nine thousand eight hundred (9,800) shares sold by him in 1935, 1936 and 1937 brought a total sum of Five Thousand Five Hundred Forty-Seven Dollars ($5,547). The aggregate amount received by the taxpayer for the twelve thousand three hundred twenty-seven (12,327) shares sold by him was Seven Thousand Five Hundred Twenty-three Dollars ($7,523), an average of a little more than Sixty (60) Cents a share.

There was evidence before the board that a block of twenty-five thousand (25,-000) shares of the same stock was sold in a judicial proceeding, in August, 1934, for the par value of One Dollar ($1) per share.

The petitioner testified that he had agreed not to sell all the stock at one time or before he had performed legal services in payment for it but also testified that he sold the stock as fast as he could, beginning on August 17, 1934.

The taxpayer kept his accounts on a cash basis and reported as income the proceeds of the sales of the stock in question in the years in which they were made.

The Commissioner of Internal Revenue found that there was a deficiency in the taxpayer's assessment of income taxes for the year 1934, in the amount above stated and upon a review of this finding the Board upheld the Commissioner's determination.

The taxpayer received the stock in the year 1934. Whether it was compensation to him for legal services already rendered or to be rendered in the future is immaterial. That the stock had some value cannot be denied. The Commissioner fixed the fair market value of the stock when received by the taxpayer at Sixty (60) Cents a share. On the appeal to the Board of Tax Appeals, taken by the taxpayer, the burden was upon him to rebut the prima facie correctness of the Commissioner's. finding. Manchester Board & P. Co. v. Commissioner, 4 Cir., 89 F.2d 315.

The Board found as a fact, after considering the evidence, that the stock received by the taxpayer had a fair market value of Sixty (60) Cents per share at the time he received it. The Board also found as a fact that there was no definite and binding agreement between the taxpayer and the corporation that he would not put. the stock on the market.

■ Findings of fact by the Board will be sustained by the courts if supported by substantial evidence. Hummel-Ross Fibre Corp. v. Commissioner, 4 Cir., 79 F.2d 474, and cases there cited; Elmhurst Cemetery Co. v. Commissioner, 300 U.S. 37, 57 S. Ct. 324, 81 L.Ed. 491.

■ We are of the opinion that the evidence supports the Board in fixing the value of the stock at Sixty (60) Cents a share. Shortly after he received it the taxpayer sold more than two thousand five hundred (2,500) shares at an average price of Seventy-Eight (78) Cents a share and altogether sold nearly ten thousand (10,000) shares at an average of more than Sixty (60) Cents a share. Certainly we cannot say that there was no substantial evidence to support the finding of fact by the Board on this point.

We are also of the opinion that the evidence sustains the finding of the Board as to the agreement not to sell. The taxpayer, himself, testified that, beginning in the month of August after he received the stock, he sold it as fast as he "possibly could".

The cases relied upon by petitioner are not in point. The stock was received by the taxpayer in the year 1934. It had a value and the Commissioner and the Board were justified by the evidence in fixing that value at Sixty (60) Cents a share.

Affirmed.