MASON et al. v. COMMISSIONER OF IN-
TERNAL REVENUE.
No. 8770.

Circuit Court of Appeals, Sixth Circuit.
Jan. 14, 1942.

Grant L. Cook, of Detroit, Mich. (Cook, Smith, Jacobs & Beake, of Detroit, Mich., on the brief), for petitioners.

S. Dee Hanson, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Helen R. Carloss and S. Dee Hanson, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before SIMONS, ALLEN, and McALLISTER, Circuit Judges.

ALLEN, Circuit Judge.

This is a petition to review the decision of the Board of Tax Appeals involving a deficiency in income tax in the amount of $10,827.57 for the year 1935. The Board sustained the Commissioner. 41 B.T.A. 1287.

The principal question presented is whether, when a taxpayer's contract of employment provides, in addition to other compensation, for a money bonus, and the taxpayer is required by an inseparable provision of the same contract to exchange the amount of the bonus directly upon its receipt for stock of the company at a fixed value, the taxpayer realizes taxable income in the amount of the bonus or in the fair market value of the stock received. The petition-

ers, who are husband and wife, filed a joint return. A deficiency was determined in the income of the husband, George W. Mason, who was employed by the Kelvinator Corporation to devote his entire time to the business of the corporation as general manager. In addition to certain agreed compensation, the parties contracted as follows:

"(3) The corporation further agrees as further compensation to Mason to pay him on January 15, 1935, 1936, 1937 and 1938, a sum equal to ten per cent (10%) of the net earnings of the preceding fiscal year, determined as hereinafter set forth after deducting therefrom an amount equal to five per cent (5%) upon the capital and surplus of the corporation determined as hereinafter set forth. The corporation agrees to sell and Mason agrees to purchase at ten dollars ($10.00) per share on January 15th of each year as above set forth a number of shares of fully paid stock of the corporation equal to the sum, if any, payable to Mason on such date. * * *

"(5) * * * it is mutually agreed that in the event of the death of Mason or his total disability for a period of time exceeding six (6) consecutive months, this agreement may be terminated. * * * In the event that the corporation shall so terminate this agreement for the unexpired term thereof, then

"(a) As to the further compensation, granted to Mason by paragraph (3) of this Article First, the corporation shall pay Mason or his personal representatives when provided therein, that proportion of said further compensation as his term of actual service under this contract in said fiscal year shall bear to the entire year."

It is stipulated that on January 15, 1935, the bonus computed as payable to Mason amounted to $49,891.69, and that pursuant to the contract, upon the same date Mason acquired 4,989 shares of the capital stock of the corporation. The record presents no evidence that a sale was in fact effected. In making their joint return for 1935, petitioners included in income the amount of the bonus and the Commissioner determined a deficiency based on the difference between the amount of the bonus and $84,189.38, the fair market value of the stock on January 15, 1935. If the immediate result of the transaction was to give the taxpayer the stock as compensation, then the deficiency was correctly determined. Concededly Mason received some

542

gain or profit, measured either by the bonus or the value of the stock, as compensation for personal services, and § 22 of the Revenue Act of 1934, 26 U.S.C.A. Int.Rev.Acts, page 669, includes in gross income such gain or profit "of whatever kind and in whatever form paid." The petitioners claim that what Mason received was the money bonus and that the fact that on the same day he received stock which at ten dollars per share was equivalent in amount of the bonus is an independent and unrelated transaction.

We think the Board correctly sustained the determination of the Commissioner. Under this contract the corporation was not obligated to pay any bonus unless net earnings under Mason's management exceeded a return of five per cent on the capital and surplus as defined therein; but when the bonus was paid, by an inseparable provision of the same paragraph of the contract, Mason was required upon the same day to purchase capital stock of the corporation at an agreed rate up to the full amount of the bonus allotted him. The only reasonable explanation of the provision for payment of the contemplated bonus and purchase of stock on the very same day in the amount of the bonus is that the parties intended that the bonus should be only a measure of the amount of stock to be received by Mason as additional compensation. This conclusion is emphasized by the later provision of the contract which refers to the "further compensation" granted to Mason by paragraph (3). This designation fairly indicates compensation in stock, such being the net effect of that paragraph considered as a whole. Intention is the controlling consideration. Cf. Bogardus v. Commissioner, 302 U.S. 34, 58 S.Ct. 61, 82 L.Ed. 32; Bastedo, Taxing Employees on Stock "Purchases," 41 Col.L.Rev. 239.

The petitioners rely upon the case of Omaha National Bank v. Commissioner, 8 Cir., 75 F.2d 434, in which the court held that the taxable gain where stock was acquired by an employee under a stock purchase contract was only the agreed price which had been credited to him pursuant to the contract. While that case is similar to this in some respects, a clear distinction exists in the fact that here there is neither right nor obligation to purchase more stock at the agreed price than could be purchased with the bonus, and, moreover, the opportunity and duty to acquire stock is conditioned upon the existence of net earnings and measured thereby. Such profits would in general be a measure of Mason's efficiency and would reflect the value of his services. Here the provision covering the computation of the bonus and the acquirement of the stock is embodied in the same paragraph, is complete and inseparable, and the intention to have the stock itself constitute additional compensation is clear. Under the contract all that Mason lawfully could retain as a bonus was stock.

The Commissioner correctly determined the deficiency based upon the fair market value of the stock. If the corporation had, without any previous agreement, delivered the stock to Mason as additional compensation for his services, the realized gain would be the fair market value of the stock. Rodrigues v. Edwards, 2 Cir., 40 F.2d 408; Old Colony Trust Co. v. Commissioner, 1 Cir., 59 F.2d 168. While this case presents a variation in detail from the cases cited, we think that the same principle controls.

No abuse of discretion existed in the denial of the application for rehearing. It was not shown that the additional facts which petitioners sought to present were not available at the time of hearing.

The decision is affirmed.