**FRAZER v. COMMISSIONER OF IN-TERNAL REVENUE.**

No. 10172.

Circuit Court of Appeals, Sixth Circuit.

Sept. 9, 1946.

Writ of Certiorari Denied Jan. 13, 1947.

See 67 S.Ct. 502.

MILLER, Circuit Judge, dissenting in part.

———◆———

I. Newton Brozan and Aaron Holman, both of New York City, for petitioner.

Paul F. Mickey, of Washington, D. C. (Sewall Key, Helen R. Carloss, and Paul F. Mickey, all of Washington, D. C., on the brief), for respondent.

Before HICKS, MARTIN, and MILLER, Circuit Judges.

HICKS, Circuit Judge.

Petition of Joseph W. Frazer to review a decision of the Tax Court assessing against him a deficiency in income tax for the year 1939 in the amount of $18,102.84.

The evidence before the Tax Court consisted of stipulated facts.

Petitioner filed his return for 1939 on the cash receipts and disbursements basis. He had been an executive of Chrysler Corporation (herein called Chrysler) from 1929 through all subsequent years until his resignation on January 19, 1939.

On April 16, 1929, Chrysler executed a Trust Indenture known as "Chrysler Management Trust." The parties to it were (1) Chrysler; (2) the holders of certificates of beneficial interest; and (3) designated trustees who were managers of the Trust. The Trust was established pursuant to the plan of Chrysler "to attract and retain desirable officers and/or executives and to insure the permanency of sound and efficient management of the Corporation * * * by enabling such officers and/or

executives to become owners of stock of the Corporation on a basis favorable to them. * * *"

The detailed provisions of the trust instrument are set out in our opinion in Commissioner v. Alldis' Estate, 6 Cir., 140 F.2d 885. This instrument was amended from time to time.

On April 11, 1936, Chrysler executed a second trust indenture called "First Adjustment Chrysler Management Trust." The purposes of each Trust were substantially the same. Each had its "Bonus" or "Finance" Committee which was empowered to select the executives or officers of Chrysler, who were to be permitted to share as beneficiaries. The holdings of each were to consist of a percentage of Chrysler's earnings which it agreed to pay each year and funds which Chrysler loaned to the trusts with which to buy Chrysler common stock as an investment. The trustees were empowered at their own discretion to make distributions to the beneficiaries out of surplus earnings of the trusts. They were required to maintain two surplus accounts, identified as "A" and "B." To surplus "A" was credited all moneys received as interest, dividends and similar income from funds of the trusts; and to surplus "B" was credited the annual payments received from Chrysler, together with profits arising from the sale or conversion of stock or other securities or property.

According to the provisions of the first trust, the petitioner, on October 8, 1929, acquired 400 shares of the beneficial interest therein at $25.00 per share for which he paid $10,000.00 in cash. According to the provisions of the second trust, petitioner on November 19, 1936, acquired certificates for 50 shares of beneficial interest therein at a price of $7.00 per share for which he paid $350.00.

During the years 1936, 1937 and 1938, the petitioner received various distributions from the trustees of the first trust, from current earnings of the trust for those years and from earlier years. On January 19, 1939, the petitioner received from the trustees the following amounts:

400 shares Chrysler Management Trust:

| | |
|---|---:|
| Return of petitioner's original cost | $ 8,000.00 |
| Aliquot portion of "Surplus A" account | 110.73 |
| 80% of aliquot portion of "Surplus B" account | 46,494.50 |
| | $54,605.23 |

50 shares First Adjustment Chrysler Management Trust:

| | |
|---|---:|
| Return of petitioner's original cost | 350.00 |
| Aliquot portion of "Surplus A" account | 70.83 |
| Aliquot portion of "Surplus B" account | 4,727.71 |
| Dividend | 800.00 |
| | $ 5,948.54 |

Immaterial matters to one side, the question before the Tax Court was, whether any part of this total of $60,553.77 represented taxable income to petitioner. It held that petitioner was taxable upon that portion of the amounts received by him which represented earnings paid by Chrysler to the trusts because these earnings represented ordinary and necessary expenses of Chrysler incurred as compensation for services rendered by petitioner. These payments by Chrysler to the trustees were in discharge of its obligation to the trustees under the Trust Indentures.

█ There is no controversy over what percentage of the amounts received by petitioner represented earnings paid by Chrysler to the trusts; and further, there is no controversy that these payments were intended to be compensation to the beneficiaries for services rendered, and intention is a controlling consideration. Mason v. Com'r, 6 Cir., 125 F.2d 540, 542 and cases there cited.

█ From our viewpoint there is "a rational basis for the conclusions" reached by the Tax Court. Dobson v. Com'r, 320 U.S. 489, 501, 64 S.Ct. 239, 246, 88 L.Ed. 248.

We have already quoted from the preambles of each trust. By the trust provisions

the petitioner, upon his resignation, was required to and did surrender his shares of beneficial interest (the cost of which he had received through distributions) to the trustees, who settled with him as above indicated. He could not, under the terms of the trusts, otherwise transfer or assign these shares, nor could he retain them after his employment ceased. The amounts paid him included, among other items, his proportion (estimated by the number of his shares) of annual contributions which Chrysler had made to the trusts from its earnings.

■ There can be no doubt that Chrysler intended its contributions to the trusts as additional compensation to its officers or executives, who held shares of beneficial interest in the trust estate. This was the attitude assumed by Chrysler itself in Chrysler Corporation v. Com'r, 42 B.T.A. 795, wherein it successfully sought to have these contributions deducted as ordinary and necessary expenses incurred under Sec. 22(a) of the Revenue Act of 1934, 26 U.S.C.A. Int.Rev.Acts, page 669. This Section 22(a) defines "gross income" as including "* * * gains, profits and income derived from salaries, wages, or compensation for personal service, of whatever kind and in whatever form paid, * * *" 26 U.S.C. A. Int.Rev.Code, § 22(a). It is broad enough to include as taxable income the amounts received by petitioner as compensation. Commissioner v. Smith, 324 U.S. 177, 181, 65 S.Ct. 591, 89 L.Ed. 830; Old Colony Trust Co. v. Com'r, 279 U.S. 716, 729, 49 S.Ct. 499, 73 L.Ed. 918; see also Treas.Reg. 103 [Article 19.22(a)-1].

■ Petitioner contends that the contributions by Chrysler to the trusts were income to the trusts and therefore taxable to them and not to him. A short answer is, that they were not income to the trusts, since, according to Article I of the Chrysler Management Trust, the trusts were "truly a mere conduit" by which compensation passed from Chrysler to petitioner. The contributions were not earnings of the trusts. Hubbell v. Com'r, 6 Cir., 150 F.2d 516, 529, 161 A.L.R. 764; Parkford v. Com'r, 9 Cir., 133 F.2d 249, 251, 146 A.L.R. 57.

It is urged by petitioner that in any event he is not taxable in 1939 upon distributions received by the trustees in prior years. We are not in accord. Petitioner made his returns on the cash receipts and disbursements basis and neither constructively nor actually received the contributions until 1939, in which years he made his settlement with the trustees. Under the trust agreements he was not entitled to and did not receive them until his resignation as an executive on January 19, 1939.

Petitioner contends that the amounts paid to him on the surrender of his shares of beneficial interest were either a tax-free distribution of principal, or were received on the sale or exchange of capital assets, and consequently not taxable as ordinary income. The evidence on the point does not refute or negative the findings of the Tax Court based upon substantial evidence. No part of the earnings of Chrysler paid to the trustees became an asset of petitioner until distributed by the trustees and the distribution was not made as a consideration for the purchase of petitioner's shares or in exchange therefor. Under the terms of the trust indentures, as amended (see Exhibit E to the stipulation of facts) petitioner ceased to be a beneficiary upon his resignation. He could not sell his shares or transfer them to any other party except to the trustees. He could only surrender them to the trustees in accordance with the provisions of the trusts. He received no consideration for the certificates when he returned them, and there is nothing in the trust instruments to indicate that he was entitled to any; but he did receive his share of the trust estate as computed by the trustees.

We find nothing in Commissioner v. Alldis, supra, in conflict with our conclusion. Alldis died on January 27, 1938, the owner of 100 shares of beneficial interest in the Chrysler Management Trust. His administratrix surrendered these shares to the Chrysler Corporation for $56,472.20, which amount she reported and upon which she reported a taxable income. She paid the tax and filed a claim for a refund which the Commissioner rejected; whereupon she brought suit to recover. We held that under the trust provisions the corporation

was not required to pay the administratrix until she, within one year after decedent's death, should "surrender, transfer and assign to the corporation his * * * certificates for shares of beneficial interest." She did surrender the shares in 1938 and received the sum above indicated. This court held that the amount so received was not taxable to the estate of Alldis in 1938 because Sec. 42 of the Revenue Act of 1938, 26 U.S.C.A. Int.Rev.Acts, page 1027, provides that "in the case of the death of a taxpayer there shall be included any computed net income for the taxable period in which falls the date of his death, amounts accrued *up to the date of his death,* if not otherwise properly includible in respect of such period or a prior period." (Italics ours.)

Clearly, the Alldis case is not applicable here. Petitioner ceased to be a beneficiary upon his resignation on January 19, 1939. He then surrendered his shares of beneficial interest and was paid by the trustees as above indicated. Assuming the correctness of our conclusion that such portion of the payment to him represented compensation for services rendered, it was includible in petitioner's 1939 return which was made for the calendar year, because it was paid to him in that period.

The decision of the Tax Court is affirmed.

MILLER, Circuit Judge (dissenting in part).

I believe the previous ruling of this court in Commissioner v. Alldis' Estate, 6 Cir., 140 F.2d 885 is applicable and should be followed.

It was there held that the amount received by the Administrator for the certificates owned by the decedent resulted in a capital gain rather than receipt of income. The interest of the owner of certificates is the same regardless of how that interest is terminated, by death or by termination of employment. In either event that interest ceases and is liquidated. I see no material difference in its liquidation by transfer to the corporation, as in the Alldis case, and in its liquidation by surrender to the Trustees, as in this case. In both instances he receives the then cash value of his interest in the trust. In any event, the increase in market value of the assets of the trust is not receipt of income. In my opinion, the amount received by the taxpayer for his certificates upon termination of his employment should be treated as a capital gain rather than receipt of income.