OPINION. Opper, Judge: Although respondent’s contention is that this stock was received as a taxable dividend, we think the record makes it clear that it was issued to petitioner in his capacity as an employee and not as a stockholder at all, thus eliminating the necessity, for the purpose of dealing with it as a dividend, that it be viewed as a distribution of profits by the corporation to its stockholder as such. See Palmer v. Commissioner, 302 U. S. 63. The record seems to us to show that this stock was sold to petitioner as operating vice president because it was considered to be in the best interests of the company that he be satisfied and that his interest in the company be represented by a larger participation. It is true that in presenting the case to us the parties agree that there is no issue with respect to receipt of this stock as compensation. This, however, does not impinge upon the possibility, and in this case upon the necessity, of viewing the transaction as a bargain purchase made available to petitioner because he was an employee. Delbert B. Geesematn, 38 B. T. A. 258. Bights to subscribe may be treated as received by an employee as such, notwithstanding that he happens also to be a stockholder. Gordon M. Evans, 38 B. T. A. 1406; Edward J. Epsen, 44 B. T. A. 322. Under such circumstances, the test of whether options to purchase stock exercised by employees are additional compensation and so taxable or are mere bargain purchases not giving rise to taxable income until final disposition is whether the arrangements between employer and employee lead to the conclusion that by express contract, or necessary implication from the surrounding facts, the opportunity to purchase stock at below the market is a part of the bargain by which the employee’s services are secured and his compensation is paid. Cf. Delbert B. Geeseman, supra, and Gordon M. Evans, supra, with Estate of Edward J. Connelly, 45 B. T. A. 374, and Edward J. Epsen, supra. We have examined all of the circumstances,[1] including the corporate action,[2] and have come to the conclusion that what we said in Delbert B. Geeseman, supra, 264, 265, is equally applicable here: * * * It is true that the prospective purchasers were selected solely because they were valued employees of Continental Can Co., and there is no doubt that the added interest of these employees and the proprietary attitude toward the company which would result from their ownership of the stock constituted one of the motives for the granting of the option. It is equally obvious, however, that the continued employment of the petitioner was not dependent upon the receipt by him of the right to purchase the stock at less than the market price. The terms and conditions of his employment and the compensation he was receiving were in no way changed by the receipt of the privilege of purchasing the stock. * * * We come to this conclusion notwithstanding that there are certain aspects of the technical details by which the transaction was accomplished which give it the guise of a stock dividend. The stated purpose of the parties, and the evident necessity of conforming to the requirements of Alabama law seem to us to demonstrate that these phases of the transaction were mere formalities and may be disregarded in determining the true nature of the transaction. “The substance of the plan rather than its form must be ascertained.” United States Steel Corporation, 2 T. C. 430, 438. In fact, the prior assurance that virtually all other stockholders would waive their subscription rights, thus limiting, the field of recipients to petitioner, apparently was considered necessary to make it certain that the transaction would be a sale of stock to petitioner alone. This is the antithesis of a distribution to stockholders, and especially of any effort to bring about a dividend by the transfer of a part of the employer’s accumulated earnings. Choate v. Commissioner (C. C. A., 2d Cir.), 129 Fed. (2d) 684. No such intention can be drawn from the facts. Reviewed by the Court. Decision will te entered vmder Bule 50. Testimony shows that the record contains all material evidence. It is not without significance — Willkie v. Commissioner (C. C. A., 6th Cir.), 127 Fed. (2d) 953: certiorari denied, 317 U. S. 659 — that no effort was apparently made by the employer to take any deduction for compensation paid on account of the transaction in controversy. Cf. United States Steel Corporation, 2 T. C. 430.