**COMMISSIONER OF INTERNAL REVENUE, Petitioner,**

**v.**

**Philip J. LO BUE, Respondent.**

**No. 11524.**

United States Court of Appeals Third Circuit.

Argued May 3, 1955.

Decided June 9, 1955.

---

John F. Davis, Washington, D. C. (H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, Hilbert P. Zarky, Joseph F. Goetten, Sp. Assts. to Atty. Gen., on the brief), for petitioner.

H. Avery Rafuse, Boston, Mass. (Richard F. Barrett, Powers & Hall, Boston, Mass., on the brief), for respondent.

Charles H. Murchison, Edgar J. Goodrich, Lipman Redman, Stockton, Ulmer & Murchison, Guggenheimer, Untermyer, Goodrich & Amram, Washington, D. C., on the brief, for amicus curiae.

Before MARIS and HASTIE, Circuit Judges, and MILLER, District Judge.

MARIS, Circuit Judge.

This case involves the taxability as compensation to the taxpayer of the difference between the purchase price and market value of stock in his employer, Michigan Chemical Corporation, which was acquired by him pursuant to stock options granted to him as an employee by that corporation. The facts are set out at length in the opinion of the Tax Court in this case, 22 T.C. 440, and need not be repeated here. Suffice it to say that the Commissioner of Internal Revenue determined a deficiency in income tax against the taxpayer for the years 1946 and 1947 with respect to stock of the Michigan Chemical Corporation purchased by the taxpayer in each of those years at less than current market values pursuant to options previously given. The taxpayer petitioned the Tax Court for a redetermination of his tax liability. That court found that the options granted to the taxpayer "were to give him a proprietary interest in the corporation, and not as compensation for services," and concluded that no taxable gain was realized by the exercise of the options. The Commissioner here asks us to reverse this decision.

A virtually unbroken line of cases supports the Tax Court in holding that if the grant of a stock option by a corporation to its employee is intended as additional compensation to him the excess of the fair market value over the option price is income taxable to him when the option is exercised, but on the other hand if the grant of the option is intended to provide him with a proprietary interest in the business no taxable gain is recognized when the option is exercised, whether the grant of the option is the one or the other being in every case a question of fact.[1]

The Commissioner asserts, nonetheless, that this is not the law, but that Commissioner of Internal Revenue v. Smith, 1945, 324 U.S. 177, 65 S.Ct. 591, 89 L.Ed. 830, and section 29.22(a)-1 of Regulations 111, as amended by T.D. 5507 (1946-1 Cum.Bull. 18) following the decision in the Smith case, compel the conclusion that taxable income results whenever a stock option given by a corporation to an employee is exer-

1. Durkee v. Welch, D.C.S.D.Cal.1931, 49 F.2d 339; Erskine v. Commissioner, 1932, 26 B.T.A. 147; Omaha Nat. Bank v. Commissioner of Internal Revenue, 8 Cir., 1935, 75 F.2d 434; Rossheim v. Commissioner of Internal Revenue, 3 Cir., 1937, 92 F.2d 247; Geeseman v. Commissioner, 1938, 38 B.T.A. 258; Evans v. Commissioner, 1938, 38 B.T.A. 1406; Adams v. Commissioner, 1939, 39 B.T.A. 387; Springford v. Commissioner, 1940, 41 B.T.A. 1001; Epsen v. Commissioner, 1941, 44 B.T.A. 322; Connolly's Estate v. Commissioner of Internal Revenue, 6 Cir., 1943, 135 F.2d 64, 146 A.L.R. 1387; Landen v. Commissioner, 1943, 1 TCM 411; Lamond v. Commissioner, 1946, 5 TCM 51; Nicolson v. Commissioner, 1949, 13 T.C. 690; Clark v. Commissioner, 1950, 9 TCM 719; Commissioner of Internal Revenue v. Bradner, 6 Cir., 1953, 209 F.2d 956, affirming 11 TCM 566; McNamara v. Commissioner, 1953, 19 T.C. 1001, 1009, rev. on other grounds, 7 Cir., 210 F.2d 505; Rosenberg v. Commissioner, 1953, 20 T.C. 5; Hazelton v. Commissioner, 1953, 12 TCM 398; Noland v. Commissioner, 1953, 12 TCM 1003; Commissioner of Internal Revenue v. Straus, 7 Cir., 1953, 208 F.2d 325.

cised at an option price less than fair market value, the option not being a gift.

In the Smith case there was no doubt as to the stock option having been given to the employee as compensation. It was so found by the Tax Court and the finding of that court was upheld by the Supreme Court. The sole question was whether taxable income was realized at the time that the option thus given as compensation was exercised. The Supreme Court held that it was, saying 324 U.S. at page 181, 65 S.Ct. at page 593:

"Section 22(a) of the Revenue Act is broad enough to include in taxable income any economic or financial benefit conferred on the employee as compensation, whatever the form or mode by which it is effected."

It will be seen that the Smith case does not hold that the exercise of any stock option given to an employee may result in taxable gain to him when exercised even though the option was given to enable him to acquire a proprietary interest in the corporation and not as compensation.

Nonetheless the Commissioner, shortly after the decision of the Smith case, by T.D. 5507 amended the regulations so as to read:

"If property is transferred by an employer to an employee for an amount less than its fair market value, regardless of whether the transfer is in the form of a sale or exchange, the difference between the amount paid for the property and the amount of its fair market value *is in the nature of compensation* and shall be included in the gross income of the employee." (Emphasis supplied).

The amendment dropped from the regulation the former qualifying clause which read: "to the extent that such difference is in the nature of (1) compensation for services rendered or to be rendered." By I.T. 3795 (1946–1 Cum. Bull. 15) the amendment made by T.D. 5507 was held to be applicable to stock options granted by corporations to their employees on and after February 26, 1945, the date of the Supreme Court's decision in the Smith case.

While the Commissioner has heretofore stated that this change in his regulations was based upon the decision in the Smith case he now abandons that position and asserts that the amendment does not go beyond the scope of section 22(a) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 22(a), and is, therefore, valid and binding as eliminating any middle nontaxable ground in these cases between a pure gift on the one hand and an economic benefit which must be treated taxwise as compensation on the other. We agree with the Commissioner that the decision in the Smith case does not support the amendment made by T.D. 5507 even though it was the ostensible basis for it. But we cannot agree that section 22(a) supports the amendment in compelling any economic benefit derived by a corporation's employee from the exercise of a stock option to be treated as compensation and taxable as such regardless of whether or not it was so intended.

Section 29.22(a)-1 of the regulations as it stood before the amendment [2] was itself a recognition by the Commissioner when he adopted it in 1939 that section 22(a) of the Internal Revenue Code did not include in gross income for purposes of income tax the entire economic benefit received by a corporation's employee upon every purchase of stock for less than its fair market value, but only to the extent that such benefit was in the nature of compensation. In so providing the Commissioner abandoned a regulation,[3] similar to his present one, thereby acceding to judicial authority which refused to uphold that position.[4]

---

2. T.D. 4879, 1939–1 Cum.Bull. 159.

3. T.D. 3435, II–1 Cum.Bull. 50 (1923).

4. Taplin v. Commissioner of Internal Revenue, 6 Cir., 1930, 41 F.2d 454; Commis-

The regulation thus adopted in 1939 in response to the rulings of the courts has itself been applied with approval[5] and we think that it, and not the amendment effected in 1946 by T.D. 5507, conformed to section 22(a) of the Code.

■■ It is denying the facts of economic life to assert that every grant of a stock option to a corporation's employee is necessarily additional compensation to the extent that at the time of exercise the market value of the stock exceeds the option price. For it is a well known and common practice of American business corporations to seek to retain the continued interest in the business of their key employees by inducing them through favorable stock options to acquire a proprietary interest as stockholders. In a great many such cases the immediate economic benefit to the employee is minor, incidental and, often, quite fortuitous. Such transactions are, however, not gifts for there is a very real consideration to the corporation, the continued interest of a key employee. There are, of course, other cases in which the element of compensation is the important one. But the fact that there is an element of immediate economic benefit does not exclude the conclusion that the option was given solely to provide the employee with a proprietary interest and that the immediate benefit was purely incidental and not compensatory. •

■ We are in accord with the statement by Judge Turner in his opinion in Geeseman v. Commissioner, 38 B.T.A. 258, 263–264, in which the Commissioner acquiesced (1939–1 Cum.Bull. 13), that:

"To hold that a transaction of the character here involved is a 'bargain' purchase having nothing to do with the employer-employee rela-

tionship, or, to the contrary, that it is not a purchase but constitutes the receipt of compensation having nothing to do with the purchase of property, to the extent that the fair market value exceeds the purchase price, is to ignore obvious facts and to assume a case substantially different from the one before us. In the first place, it may not be said that the acquisition of the stock of Continental Can Co. was not a purchase merely because the price paid was substantially lower than the price at which the same stock was then selling on the market, and, in the second place, obvious facts are ignored if it be said that the stock transaction was separate and apart from, or was not based upon, the employer-employee relationship, or that it had no relation to services rendered or to be rendered. In practically all such cases both elements are present and decision is impossible if the absence of one or the other is essential thereto.

"Normally the purchase of property does not result in the realization of taxable gain, but rather in the acquisition of an asset with a view to the later realization of gain or profit through its use or subsequent sale, and upon sale the general rule is that no taxable gain is realized until the seller has recovered his cost or capital. . . . Accordingly it is our opinion that as a prerequisite to the conclusion sought by the respondent it should definitely and clearly appear that a transaction, which in form is nothing more than a purchase and to an obvious and substantial extent is unquestionably a purchase, is in fact to some extent the payment of compensation

sioner of Internal Revenue v. Van Vorst, 9 Cir., 1932, 59 F.2d 677; Rossheim v. Commissioner of Internal Revenue, 3 Cir., 1937, 92 F.2d 247; Geeseman v. Commissioner, 1938, 38 B.T.A. 258; Evans v. Commissioner, 1938, 38 B.T.A. 1406; Adams v. Commissioner, 1939, 39 B.T.A.

387; Springford v. Commissioner, 1940, 41 B.T.A. 1001; Hawke v. Commissioner, 9 Cir., 1940, 109 F.2d 946, certiorari denied 311 U.S. 657, 61 S.Ct. 11, 85 L.Ed. 421.

5. Commissioner of Internal Revenue v. Straus, 7 Cir., 1953, 208 F.2d 325.

for services rendered or to be rendered."

In the present case, as we have said, the Tax Court found as a fact that the options granted to the taxpayer by the Michigan Chemical Corporation "were to give him a proprietary interest in the corporation, and not as compensation for services." This was a factual issue which it was the peculiar responsibility of the Tax Court to resolve. From our examination of the evidence we cannot say that its finding was clearly erroneous.

The decision of the Tax Court will be affirmed.