PHILIP J. LoBUE, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 41595. Filed September 30, 1957.

*Richard F. Barrett, Esq.*, for the petitioner.
*John E. Mahoney, Esq.*, for the respondent.

### SUPPLEMENTAL OPINION.

RICE, *Judge:* This case is here on remand from the United States
Court of Appeals for the Third Circuit pursuant to the opinion of
the Supreme Court in *Commissioner* v. *LoBue*, 351 U. S. 243 (1956),
rehearing denied 352 U. S. 859 (1956).

In our previous Opinion, reported at 22 T. C. 440 (1954), we held
that certain options granted to petitioner LoBue to purchase the
stock of his corporate employer did not constitute compensation to
him, but were granted to give him a proprietary interest in the busi-
ness. The facts pertinent here are, in brief, as follows: On January
18, 1945, LoBue was granted an option to purchase 150 shares of
stock of his employer for $5 per share if he were still employed by

it on June 30 of that year. On May 1, he gave the corporation his unconditional promissory note, payable on March 1, 1947, in the amount of $750. He was an employee of the company on June 30. On January 1, 1946, petitioner was granted a second option to purchase another 150 shares of stock for $5 per share. On January 3, 1946, he gave his unconditional promissory note for $750, payable on or before March 1, 1947. On May 24, 1946, LoBue paid the notes and received 300 shares of stock. All of the options were nontransferable. The stock had a fair market value per share of $13.25 during May 1945, of $14.38 during June 1945, of $19.25 during January 1946, and of $30.50 during May 1946. The respondent determined that LoBue realized taxable compensation in 1946 to the extent that the fair market value of the stock on May 24, 1946, exceeded the option price. We disagreed, and the Court of Appeals affirmed, 223 F. 2d 367 (C. A. 3, 1955). The Supreme Court, however, reversed, holding that the spread between the option price and the fair market value of the stock when the option was exercised constituted taxable compensation. It remanded the case with instructions to remand to us for further proceedings, stating: "It is possible that a bona fide delivery of a binding promissory note could mark the completion of the stock purchase and that gain should be measured as of that date," rather than at the time LoBue paid the notes and received the stock.

Thus, the question now before us is whether LoBue exercised the options when he gave the notes (or, as to the first option, on June 30, 1945, when, after having given the note, he was still employed and was unconditionally entitled to receive the shares), rather than when he paid the notes and actually received the stock. If so, the gain which he realized by virtue of exercising the first option is taxable to him in 1945, a year now barred by the statute of limitation, and not in 1946, as determined by the respondent; and the gain realized on the second option is less than determined by respondent since the fair market value of the stock was less when the note was given than when it was paid.

Pursuant to an order of the Court, the parties filed briefs to present their arguments with respect to this undecided issue. The petitioner contends that the options were effectively exercised when he gave his notes or, as to the first option, at the latest on June 30, 1945, when, after having given the note, he became unconditionally entitled to receive the shares since he was still employed on that date. In support of his argument he relies on *Estate of James S. Ogsbury*, 28 T. C. 93 (1957), on appeal (C. A. 2, August 2, 1957). In that case the taxpayer employee was given an unassignable option to purchase the stock of his corporate employer. The option provided that the

taxpayer could indicate his unconditional acceptance of the option by giving notice thereof in writing on or before a specified date. He gave the notice, and we concluded that by doing so, the option was effectively exercised, even though the shares themselves were not paid for or delivered to the taxpayer in the year in which such unconditional notice was given, and that the gain realized was taxable in that year, rather than at a later date when the shares were actually paid for and received.

The respondent contends that our decision in the *Ogsbury* case was wrong and, in effect, argues that an option cannot be effectively exercised until the shares are paid for in cash. We do not agree. We think the first option in question here was exercised by petitioner in 1945; and the second when he gave his unconditional promissory note on January 3, 1946. We do not decide whether the first option was exercised on May 1 or on June 30, 1945, since any gain realized in that year cannot be taxed because that year is now barred by the statute of limitation. Suffice it to say that by June 30, 1945, and January 3, 1946, he had received the economic benefit of the options. "The physical acts of payment and transfer of the stock, occurring in a later taxable year, did not add to the economic benefit already received." *Estate of James S. Ogsbury, supra.*

*Decision will be entered under Rule 50.*